# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § | Case No. 2:17-cv-00042-RWS-RSP (Lead) |
| v. | § § § | |
| HUAWEI TECHNOLOGIES USA INC., | § § § | |
| *Defendant*. | § § | |
| ALE USA INC. DBA ALCATEL-LUCENT ENTERPRISE USA INC., | § § § § | Case No. 2:17-cv-00041-RWS-RSP |
| *Defendant*. | § | |
| NOKIA SOLUTIONS & NETWORKS OY, | § § § | Case No. 2:17-cv-00044-RWS-RSP |
| *Defendants*. | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | Case No. 2:17-cv-00045-RWS-RSP |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

The defendants have each moved for emergency relief, requesting that the Court again strike Traxcell's infringement contentions and impose sanctions against Traxcell for failure to comply with Local Patent Rule 3-1. *See* Dkt. Nos. 114, 118, 120, and 122. The emergency motions are granted for the following reasons, and additional relief is ordered as set forth below.

## BACKGROUND

On January 12, 2017, Traxcell filed complaints against Alcatel-Lucent, Huawei, Nokia, Motorola Solutions, and Samsung. *See* Case Nos. 2:17-cv-00041, -42, -43, -44, -45. Traxcell's

1

original complaints alleged infringement of two patents that generally relate to systems and methods involving the interaction between a mobile device and a wireless network. The lawsuit against Motorola Solutions has since been dismissed with prejudice, pursuant to an unopposed motion filed by Traxcell. *See* Case No. 2:17-cv-00042, Dkt. Nos. 93 and 97. The cases against the Alcatel-Lucent, Huawei, Nokia, and Samsung remain pending.

Traxcell's original complaint against Alcatel-Lucent alleged infringement of U.S. Patent Nos. 9,510,320 and 8,977,284. Case No. 2:17-cv-00041, Compl. ¶¶ 6-15, Dkt. No. 1. In response to a motion to dismiss filed by Alcatel-Lucent on April 24, 2017, *id.*, Dkt. No. 12, Traxcell filed an amended complaint on May 2, 2017, *id.*, Dkt. No. 15. In addition to alleging infringement of the '320 and '284 patents, the amended complaint alleges that Alcatel-Lucent infringes a third patent, U.S. Patent No. 9,642,024. *Id.* ¶¶ 16-21, Dkt. No. 15.

On June 1, 2017, Alcatel-Lucent filed a motion to dismiss the amended complaint under Rules 12(b)(6) and Rule 12(b)(3), contending both that Traxcell's amended complaint fails to state a claim and that venue is improper. *Id.*, Dkt. No. 19. Although Alcatel-Lucent's motion remains pending, the Court entered an order on November 13, 2017, permitting Traxcell to conduct venue-related discovery and requiring Traxcell to update its response regarding whether venue was proper no later fifteen days after Alcatel-Lucent's venue-related discovery responses. *Id.*, Dkt. No. 28. There has been no further activity on the docket regarding the venue dispute between Traxcell and Alcatel-Lucent.

The '024 patent was added into the cases against Huawei and Nokia through a similar course of events. After Huawei answered the complaint, *see* Case No. 2:17-cv-00042, Dkt. No. 8, Traxcell amended the complaint against Huawei to add allegations regarding infringement of the

'024 patent, *id.*, Dkt. No. 12. Traxcell similarly added the '024 patent into the case against Nokia in May of 2017. *See id.*, Dkt. No. 10.

In the lawsuit against Samsung, Traxcell's amended complaint alleges infringement of the two patents asserted in the original complaint, i.e., the '320 and '284 patents, in addition to alleging infringement of U.S. Patent Nos. 9,549,388. *See* Case No. 2:17-cv-0045, Dkt. No. 15. Three days after filing the amended complaint against Samsung, Traxcell filed an unopposed motion to dismiss the claim that Samsung is infringing the '388 patent without prejudice, and that motion was granted. *See id.*, Dkt. Nos. 17 and 19. Traxcell then filed another amended complaint alleging infringement of the '320 and '284 patents, in addition to alleging infringement of the '024 patent. *See id.*, Dkt. No. 21.

On June 6, 2017, the Court entered an order consolidating the cases into a lead case. *See* Case No. 2:17-cv-00042 ("Lead Case"), Dkt. No. 15. On June 15, 2017, the Court entered a notice on the docket indicating that a scheduling conference would be held on June 18, 2017. *See id.*, Dkt. No. 19. Under the local patent rules, a party claiming patent infringement must serve a "Disclosure of Asserted Claims and Infringement Contentions" no later than ten days before the scheduling conference. Local Patent Rule 3-1. The rule governing infringement contentions requires a party claiming infringement to satisfy four pertinent requirements—the following disclosures must be timely made:

> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party;
>
> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which,

> when used, allegedly results in the practice of the claimed method or process;
>
> (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; and
>
> (d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

*Id.* at 3-1(a)-(d). Traxcell was obliged to comply with these requirements no later than June 7, 2017, and Traxcell had nearly five months to prepare infringement contentions after the original complaints were filed.

On August 17, 2017, the defendants began complaining about Traxcell's infringement contentions. Samsung filed a motion to strike Traxcell's contentions and to compel compliance with Local Patent Rule 3-1. *See* Lead Case, Dkt. No. 44. Samsung cited three deficiencies—(1) Traxcell had altogether failed to chart any dependent claim limitations, (2) Traxcell had failed to provide requisite information regarding means-plus-function limitations governed by § 112, ¶ 6, and (3) Traxcell had accused more than 800 products of allegedly falling within the scope of the claims without identifying on a product-by-product basis how each product infringes or how the uncharted products are technically or functionally equivalent to the charted products. *See id.*

Traxcell's response to Samsung's motion to strike opened with confusing discussion of the due process clause of the United States Constitution, contending that Samsung's motion "fails to give any notice (much less clear notice) of either the purportedly sanction-authorizing statute or rule under which the Motion seeks sanctions or the sanction standards under which Traxcell's conduct is to be assessed." *See* Dkt. No. 49 at 1-3. The remainder of Traxcell's response included

an extensive discussion, with reference to past cases, explaining why the infringement contentions complied with the local patent rule. *Id.* at 3-10.

The Court granted Samsung's motion on September 8, 2017. Dkt. No. 57. The Court explained that Samsung's motion "has nothing to do with a sanction that would require due process." *Id.* at 1. After having reviewed Traxcell's infringement contentions, the Court concluded "that they are wholly inadequate." *Id.* There was "no evidence of a sufficient effort to comply" with the local patent rule requirements, namely the requirement that Traxcell identify "(1) 'for each asserted claim,' which specific product(s) allegedly infringe; (2) specifically 'where each element of each asserted claim is found within each [product],' which includes all elements of any dependent claim(s); and (3) 'the identity of the structure(s), act(s), or material(s) in the [product(s)] that performs the claimed function' for any claim elements governed by § 112, ¶ 6." *Id.* at 1-2 (quoting Local Patent Rule 3-1).

Accordingly, the Court granted Samsung's motion: all dependent claim allegations were struck, allegations as to claims 1 and 12 of the '284 patent were struck, and Traxcell was ordered to provide "amended infringement contentions that fully comply with P.R. 3-1 within fourteen days" of the order." *Id.* at 2. Huawei, Alcatel-Lucent, and Nokia filed similar motions to strike in September and October of 2017. Dkt. Nos. 65, 68, and 99. These motions were granted for the same reason Samsung's motion was granted. *See* Dkt. No. 110.

On September 11, 2017, Traxcell filed a notice withdrawing allegations that defendants infringed the dependent claims of the patents-in-suit. *See* Dkt. No. 58. Traxcell stated that, "[s]pecifically, Plaintiff withdraws its contentions alleging infringement, in this consolidated matter, of: 1. Claims 2-11 of U.S. Pat. No. 8,977,284; 2. Claims 2-3 and 5-6 of U.S. Pat. No. 9,510,320; and, 3. Claims 2-5; 7-10; and, 18-22 of U.S. Pat. No. 9,642,024." *Id.* at 1. It appears

5

that Traxcell was under the impression that the Court's order striking the infringement contentions did so without leave to amend, but this belief was unreasonable—the Court granted the relief Samsung requested and ordered Traxcell to provide "amended infringement contentions that fully comply with P.R. 3-1 within fourteen days" of the order. *See* Dkt. No. 57 at 2.

Traxcell filed a motion for reconsideration—fourteen days after the Court's order, on September 22, 2017. Dkt. No. 70. The Court construed this motion as an appeal to the district judge of the order striking Traxcell's infringement contentions. *See* Dkt. No. 70. Accordingly, District Judge Schroeder considered and denied Traxcell's motion for reconsideration. *See* Dkt. No. 111. Notably, Traxcell did not object to the part of the September order striking the contentions regarding the dependent claims. It only sought "an Order granting Plaintiff leave to amend its Infringement Contentions regarding '284 Patent claims 1 and 12." (Dkt. No. 70 at 9).

On October 4, 2017, Samsung filed a motion to enforce the Court's September 2017 order. Dkt. No. 76. Samsung explained that Traxcell had served amended infringement contentions on September 25, 2017, but that those infringement contentions had not cured the deficiencies in the original contentions. *See id.* The Court granted Samsung's motion on November 14, 2017. Dkt. No. 110. Traxcell also appears to have served amended contentions on the remaining defendants, in response to the Court's order granting those defendants' motions to strike.

Despite having withdrawn all dependent-claim allegations in September of 2017, on December 5, 2017, Traxcell filed a notice stating that the dependent claims are being reasserted. *See* Dkt. No. 113. Judge Schroeder's order denying Traxcell's motion for reconsideration apparently made it clear to Traxcell that leave to amend the stricken contentions was provided in the Court's September 2017 order. *See id.* at 1. But Judge Schroeder's order said nothing more

6

than what the Court's original order said: that the infringement contentions were stricken and that Traxcell was ordered to amend the contentions. *See* Dkt. No. 111.

With claim construction proceedings scheduled to begin in early 2018, the defendants recently filed emergency motions to strike Traxcell's current infringement contentions and impose sanctions against Traxcell. *See* Dkt. Nos. 114, 118, 120, and 122. The defendants moved for expedited briefing, the Court granted these requests, and the Court heard argument on the motions on December 20, 2017.

## DISCUSSION

Together with pretrial procedures, modern discovery rules "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Many districts, including this district, have concluded that in patent infringement cases, traditional discovery mechanisms defined by the Federal Rules of Civil Procedure, such as contention interrogatories, do not adequately allow parties "to discover their opponent's theories of liability." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). Answers to contention interrogatories, for example, "are often postponed until the close of discovery, or are amended as a matter of course during the discovery period." *Id.* at 1365 (citing Fed. R. Civ. P. 33(c)). Local patent rules are "designed to address this problem by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *Id.* at 1365-66. "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Id.* at 1366.

7

The hearing on defendants' emergency motions to strike Traxcell's infringement contentions revealed a number of problems that Local Patent Rule 3-1 is designed to prevent. The first is that, generally speaking, Traxcell's infringement contentions are an unintelligible maze, with color-coding that is not always consistent, attachments, exhibits, and cross-references to summaries allegedly explaining what the asserted claims require and the accused products include. *See, e.g.*, Dkt. No. 114-5 ('024 patent infringement contentions). The point of the rule is for Traxcell to solidify, to the best it can at this stage, the theory of how the accused products infringe the asserted claims. Traxcell's infringement contentions make it impossible for a defendant to determine the theory of infringement with any certainty. The claims are set out, and much evidence concerning the accused instrumentalities is included, but no clear linkage is established between them. Perhaps because so much information is included, it is impossible to determine what aspects of the defendant's products are alleged to meet the various limitations.

The second problem is that Traxcell's infringement contentions define "claim elements" too broadly. For claim 1 of the '024 patent, for example, Traxcell identified the following string of claim text as a single element:

> Element 2: The said system further including a computer (exhibit C) coupled to the one or more radio-frequency transceivers (exhibit A) programmed to locate the one or more mobile wireless communications devices (exhibit B) and generate an indication of a location of the one or more mobile wireless communications devices (exhibit B), wherein the computer (exhibit C) further receives and stores performance data of connections between the one or more mobile wireless communications devices (exhibit B) and the radio-frequency transceiver (exhibit A) along with the indication of location.

Dkt. No. 114-5 at 15. "Element 2" may be a single clause or paragraph in the claim, but "Element 2" includes numerous "elements," or in other words, limitations, that must be met: (1) a system, (2) a computer that is (3) programmed to locate the one or more mobile wireless communications

devices, (4) coupled to the one or more radio-frequency transmitters, (5) programmed to generate an indication of a location of the one or more mobile wireless communication devices, (6) wherein the computer further receives and stores performance data of connections between the one or more mobile communications devices and (7) the radio-frequency transceiver, (8) along with the indication of location. "Element 2" does not necessarily have to be broken up in this fashion, but a theory for how *each* limitation of the claims is met, in the manner defined by the claims, must be clearly set forth.

The third problem is that Traxcell's contentions do not chart *each* accused product or otherwise identify how each accused product is technically or functionally equivalent to a charted product, as required by the local patent rule. There is no way for the defendants to channel discovery or prepare for claim construction without such an indication. Identifying hundreds of products, without charting each product or identifying a clear link between those products is simply inadequate.

The fourth problem, or apparent problem, is that Traxcell's contentions appear to identify documents to support infringement that have no relevance to whether or not a claim element is met by the accused product. The defendants complain that, on the basis of Traxcell's citations in the infringement contentions, there is no good faith basis for infringement. Although seemingly a problem with Traxcell's infringement contentions, this is more of a merits issue—Traxcell will be limited to the theory of infringement set forth in its infringement contentions, and if those theories do not support infringement, a decision on the merits is the appropriate remedy.

These problems are just a few that render Traxcell's infringement contentions defective. The list is not exhaustive. The Court and the parties—despite a three-hour hearing to evaluate the

contentions—could not have possibly combed the hundreds of pages of Traxcell's contentions to identify all the problems.

The guidance provided by the Court at the hearing and through this order should not be necessary; the Court has no obligation to guide Traxcell through the requirements of the local patent rules. The Court has nevertheless done so because defendants are seeking dismissal of the cases with prejudice, and the Court felt that such a sanction would be unwarranted at this stage without giving Traxcell an additional opportunity to comply with the local rules. The Court is, however, sensitive to the prejudice defendants have suffered as a result of Traxcell's noncompliance.

Although Traxcell is given leave to amend infringement contentions for the independent claims, the dependent claims are another matter. Regardless of any misunderstanding Traxcell might have had regarding the Court's September 2017 order (which could have easily been resolved by a request for a conference with the Court), Traxcell filed a notice expressly withdrawing all allegations that defendants infringed the dependent claims. *See* Dkt. No. 58. By formally withdrawing these claims, Traxcell "is bound by what it states in its pleadings." *See Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see also Sunday Riley Modern Skin Care, L.L.C. v. Maesa*, No. CIV.A. H-12-1650, 2014 WL 722870, at *6 (S.D. Tex. Feb. 20, 2014). Traxcell cannot now reverse course without getting leave of court upon a showing of good cause.

Even if Traxcell's withdrawal notice were not a binding pleading, Traxcell has not established good cause for introducing the dependent claims back into the case almost three months after those claims were formally withdrawn. Traxcell's misunderstanding of the Court's September 2017 order was not reasonable. Moreover, Traxcell's original infringement contentions

never included charts of any kind for the dependent claims. Traxcell's counsel represented at the hearing that he had prepared claim charts for the dependent claims, but was not happy with them, and thus never originally served them on the defendants. Since Traxcell did not even object to Judge Schroeder about the dependent claims, his order cannot serve as an excuse to reinstate those claims. Counsel's entire explanation of the dependent claim charts at the hearing defies belief – he prepared them, or most of them, and was unhappy with them, and then failed to serve them by mistake. Plaintiff will not be permitted to bring back into the case the dependent claims that were formally withdrawn.

The only remaining matter is what costs, if any, should be taxed against Traxcell at this stage. The Federal Circuit views local patent rules and associated deadlines as "case management orders." *O2 Micro*, 467 F.3d at 1363. Failure to obey such an order may result in any "just" sanction, as defined by Rule 37 of the Federal Rules of Civil Procedure. *See id.* (quoting Fed. R. Civ. P. 37). Rule 37 permits the Court to order the "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). The local patent rule required Traxcell to serve adequate infringement contentions in June of 2017. Because Traxcell has yet to comply with the local rule, almost a year after Traxcell's complaints were filed, a just sanction is for Traxcell to be taxed reasonable expenses, including attorneys' fees, incurred in the filing and hearing of defendants' motions to compel compliance.

**CONCLUSION**

For these reasons, it is ordered as follows:

(1) The emergency motions filed by Samsung, Alcatel-Lucent, Nokia, and Huawei, Dkt. Nos. 114, 118, 120, and 122, are granted. Traxcell is afforded an additional opportunity (one last

opportunity) to comply with Local Patent Rule 3-1, no later than January 22, 2018. Traxcell is given leave to amend infringement contentions for the independent claims of the patents-in-suit. Traxcell does not have leave to amend the contentions or otherwise continue asserting the dependent claims of the patents-in-suit in light of Traxcell's withdrawal of those claims. Defendants must file any motion to strike the amended contentions no later than February 22, 2018. A follow-up hearing is scheduled for March 27, 2018, at 9:00 a.m., if any such motions are filed.

(2) The cases against Alcatel-Lucent, Huawei, Nokia, and Samsung are STAYED in all respects (including discovery obligations) pending Traxcell's compliance with the local patent rule.

(3) The docket control order entered in the Lead Case, Dkt. No. 116, is vacated.

(4) Alcatel-Lucent's unopposed motion to amend the docket control order, Dkt. No. 127, is denied as moot.

(5) In light of the hearing held on December 20, 2017, the joint motion for a hearing on the infringement contentions matter, Dkt. No. 109, is denied as moot.

(6) Traxcell is ordered to pay the reasonable expenses, including attorneys' fees, incurred by the defendants in the filing and hearing of the following motions:

    a. Dkt. No. 76, Samsung's motion to enforce the Court's order.

    b. Dkt. No. 114, Samsung's emergency motion to strike and impose sanctions.

    c. Dkt. No. 118, Alcatel-Lucent's emergency motion to strike and impose sanctions.

    d. Dkt. No. 120, Nokia's emergency motion to strike and impose sanctions.

    e. Dkt. No. 122, Huawei's emergency motion to strike and impose sanctions.

Counsel are directed to meet and confer on the matter of the fees and expenses. If the matter is not resolved as to any defendant, then that defendant is directed to file a motion to fix costs.

**SIGNED this 21st day of December, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE