# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC., | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 2:17-cv-00042** |
| v. | ) | **Lead Consolidated Case** |
| | ) | |
| | ) | |
| HUAWEI TECHNOLOGIES USA INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

# JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Plaintiff Traxcell Technologies, LLC ("Plaintiff" or "Traxcell") and Defendants Huawei

Technologies USA, Inc. ("Huawei"); Nokia Solutions and Networks US LLC; and, Nokia

Solutions and Networks Oy ("Nokia") (collectively, Defendants are referred to as "Defendants")

submit this Joint Claim Construction and Prehearing Statement pursuant to Rule 4-3 of the Patent

Rules (P.R.) contained in Appendix B to the Local Rules of the Eastern District of Texas.

## I. AGREED CONSTRUCTIONS

Pursuant to P.R. 4-3(a), the parties have agreed to the following construction:

| Term | Asserted Claims | Proposed Construction |
|---|---|---|
| radio tower | '284 patent – claims 1 and 12 | "base station transceiver subsystem and associated antenna(s)" |

## II. DISPUTED TERMS

Pursuant to P.R. 4-3(b), the parties have been unable to come to an agreement as to the

meaning of the terms in Exhibits A and B, despite meeting and conferring as required by the Patent

Rules.

The parties intend to continue to meet and confer in an attempt to reduce the number of issues before the Court at claim construction prior to and during claim construction briefing and prior to the *Markman* hearing in this matter.

### A. Plaintiff's Constructions for Disputed Terms

Pursuant to P.R. 4-3(b), Exhibit A sets forth [1] Plaintiff's proposed construction of each disputed claim term, phrase, or clause, [2] an identification of all references from the specification or prosecution history that support that construction, and [3] an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

### B. Defendants' Constructions for Disputed Terms

Pursuant to P.R. 4-3(b), Exhibit B sets forth [1] Defendants' proposed construction of each disputed claim term, phrase, or clause, [2] an identification of all references from the specification or prosecution history that support that construction, and [3] an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

## III. ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING

Pursuant to P.R. 4-3(c), Plaintiff and Defendants anticipate that no more than three (3) hours will be required for the Claim Construction Hearing.

## IV. PARTIES' USE OF WITNESSES FOR CLAIM CONSTRUCTION

Pursuant to P.R. 4-3(d):

Case 2:17-cv-00042-RWS-RSP Document 207-3 Filed 09/10/18 Page 3 of 24 PageID #: 35501

- Plaintiff proposes to call, live or by declaration, one or more witnesses, including experts, at the Claim Construction Hearing; the identity of each such witness is as follows: Dr. Hermann Helgert. The witness will testify about the understanding of one of ordinary skill in the art as to the claim terms; specifically, that one of ordinary skill in the art would understand the claim terms to have the meanings as reflected by the attached charts that indicate for what terms and meanings these witnesses will testify.

- Defendants presently propose to submit a rebuttal declaration from Nicholas Laneman, Ph.D. in support of its claim construction briefing, and, should the Court request it, present testimony regarding the same during the Claim Construction Hearing.

## V.   OTHER ISSUES FOR PREHEARING CONFERENCE

Pursuant to P.R. 4-3(e), the parties state as follows:

Plaintiff and Defendants are not aware of any other issues that might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing.

Dated: September 7, 2018

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
    William P. Ramey, III
    Texas Bar No. 24027643
    5020 Montrose Blvd., Suite 750
    Houston, Texas 77006
    (713) 426-3923 (telephone)
    (832) 900-4941 (fax)
    wramey@rameyfirm.com

    Hicks Thomas, LLP

    John B. Thomas (Co-Counsel)
    Texas Bar No. 19856150
    700 Louisiana Street, Suite 2000
    Houston, Texas 77002
    Telephone: (713) 547-9100
    Facsimile:  (713) 547-9150
    jthomas@hicks-thomas.com

    **Attorneys for Traxcell Technologies, LLC**

 _/s/ Marc Kaplan_____
Michael E. Jones
SBN 10929400
POTTER MINTON, PC
110 North College
Suite 500
Tyler, TX 75702
Telephone: 903-597-8311
Facsimile: 903-593-0846
mikejones@potterminton.com

David A. Nelson
Nathan Hamstra
Marc Kaplan
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
(312) 705-7400
(312) 705-7401 (Facsimile)
davenelson@quinnemanuel.com
nathanhamstra@quinnemanuel.com
marckaplan@quinnemanuel.com

**_Attorneys for Nokia of America Corporation_**
**_(successor in interest to Nokia Solutions and_**
**_Networks US LLC) and Nokia Solutions and_**
**_Networks Oy_**

 _/s/ Amy E. LaValle_____
Amy E. LaValle – Lead Attorney
Texas Bar No. 24040529
amy.lavalle@wickphillips.com
Nick Nelson
Texas Bar No. 24074804
nick.nelson@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Tel:  214-692-6200
Fax: 214-692-6255

Ryan D. Jenlink
Texas Bar No. 24065491
ryan.jenlink@wickphillips.com
WICK PHILLIPS GOULD & MARTIN, LLP
Granite Park Two
5700 Granite Parkway, Suite 330
Plano, Texas
Tel:  214-297-0250
Fax: 214-297-0284

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel:  903-934-8450
Fax: 903-934-9257

**_Attorneys for Defendant_**
**_Huawei Technologies USA, Inc._**

Case 2:17-cv-00042-RWS-RSP Document 207-3 Filed 09/10/18 Page 6 of 24 PageID #: 35504

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, September 7, 2018, with a copy of the foregoing via e-mail to counsel of record.

/s/ William P. Ramey, III
William P. Ramey, III

**CHART A**

**PLAINTIFF'S JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**
**IDENTIFICATION OF PROPOSED CONSTRUCTIONS OF DISPUTED CLAIM TERMS**
**WITH INTRINSIC AND EXTRINSIC EVIDENCE**

| CLAIM TERM | ASSERTED CLAIM(S) | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE[1] |
|---|---|---|
| 1. "means for receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the corresponding location associated with said at least one wireless device" / "means for receiving said performance data and corresponding locations from said radio tower and correcting radio frequency signals of said radio tower in order to improve communication with said wireless devices" | '284 patent – claim 1 (means for receiving said performance data and suggest corrective actions . . . )<br><br>'284 patent – claim 12 (means for receiving said performance data and corresponding locations . . . ) | This is a §112, ¶6 term.<br><br>Structure, material or acts: "Primary Analytic Software operationally connected to Monitoring software and Fault Diagnosis/Correction Software"<br><br>Support: '284 Pat., Figures 35A, 35B, 35C, 36, 37, 38A, 38B, 38C, and 39; Col. 38: line 56 ("38:56")- 39:4; 39:22-40:20; 43:3-44:34; 71:50-72:13; 72:31-73:10; and, 74:46-75:28.<br><br>Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the understanding of one of ordinary skill in the art as to the claim terms.<br><br>Webster's New World Dictionary (3rd College Ed.) (TRX035394 – TRX035425including pgs. 312, 352, 372, 793, 1003, 1107, 1108, 1248, 1415, and 1533<br>Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435<br>Including pgs. 698 and 956) |
| 2.First computer/computer | '284 patent – claims 1 and 12 (first computer)<br>'320 patent – claims 1 and 4 | "system comprising memory, hardware, and software" |

---

[1] "Evidence" refers to those evidentiary items required, by P.R. 4-3(b), to be in this chart.

| | (first computer) '024 patent – claims 1, 11, and 17 (computer) | Support: Fig. 9, 29; Col. 16, ll. 28-41. |
|---|---|---|
| | | Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the understanding of one of ordinary skill in the art as to the claim terms. |
| | | Webster's New World Dictionary (3rd College Ed.) (TRX TRX035394 – TRX035425 including pgs. 312, 669, 793) |
| | | Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435) |
| 3. Performance data | '284 patent – claims 1 and 12 '320 patent – claims 1 and 4 '024 patent – claims 1, 6, 11, and 17 | *No construction necessary.* Support: '284 patent: Figures 20 and 21; Col. 30, ll. 49-54; Col. 36, ll. 29-32; Col. 65, ll. 26-50 and l. 51-Col. 71, l. 49. Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the understanding of one of ordinary skill in the art as to the claim terms. Webster's New World Dictionary (3rd College Ed.) (TRX TRX035394 – TRX035425 including pgs. 312, 669, 793) Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435) |
| 4. Corrective action / correcting | '284 patent – claim 1 (corrective action) '284 patent – claim 12 (correcting) '320 patent – claims 1 and 4 (corrective action) '024 patent – claims 1, 6, 11, and 17 (corrective action) | *No construction necessary.* Support: '284 patent; Figures 29, 35A, 35B, 35C, 36, 37, 38A, 38B, 38C, and 69; Col. 36, ll. 36-49; Reference Numeral 2806; Col. 37, ll. 56-64; Col. 39, l. 22- Col. 40, l. 20; Col. 42, l. 62-Col. 44, l. 24; Col. 54, l. 21- Col. 55, l. Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the |

| | | understanding of one of ordinary skill in the art as to the claim terms.<br><br>Webster's New World Dictionary (3rd College Ed.) (TRX TRX035394 – TRX035425 including pgs. 312, 669, 793)<br>Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435) |
|---|---|---|
| 5. location | '284 patent – claims 1 and 12<br>'320 patent – claims 1 and 4<br>'024 patent – claims 1, 6, 11, and<br>17 | "geographical data"<br><br>Support: '284 patent: Title; Figures 11-22, 27-28, 33-35, 39, 40-41, and 53-56; Col. 6, ll. 15-34; Col. 7, ll. 6-11 and ll. 46-61; Col. 7, l.62 -Col. 8, l. 8; Col. 16, ll. 28-41; Col. 19, ll. 19-24; Col. 41, ll. 14-22; Col. 30, ll. 49-54; Col. 55, ll. 57-60;<br><br>Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the understanding of one of ordinary skill in the art as to the claim terms.<br><br>Webster's New World Dictionary (3rd College Ed.) (TRX TRX035394 – TRX035425 including pgs. 312, 669, 793)<br>Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435) |
| 6. one of the radio frequency transceivers | '024 patent – claims 11, 17 | *No construction necessary.*<br><br>Support: '284 patent: Figures 1-3, 6-10, 28 34, 41, and 82-84; Col. 3, ll. 53-57; Col. 21, ll. 32-38; and, Col. 52, ll. 59-63.<br><br>Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the understanding of one of ordinary skill in the art as to the claim terms.<br><br>Webster's New World Dictionary (3rd College Ed.) (TRX |

| | | |
|---|---|---|
| | | TRX035394 – TRX035425 including pgs. 312, 669, 793)<br><br>Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435) |
| 7. referencing performance | '284 patent – claim 1 | *No construction necessary.*<br><br>Support: '284 patent: Figures 20 and 21; Col. 30, ll. 49-54; Col. 36, ll. 29-32; Col. 65, ll. 26-50 and l. 51-Col. 71, l. 49.<br><br>Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the understanding of one of ordinary skill in the art as to the claim terms.<br><br>Webster's New World Dictionary (3rd College Ed.) (TRX TRX035394 – TRX035425, including pg. 1108)<br>Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435 including pg. 698) |
| 8. in order to restrict processing of radio frequency signals from at least one of said at least two wireless devices . . . in order to improve communication with at least one said wireless device | '284 patent – claim 1 | *No construction necessary.*<br><br>Support: '284 Pat., Figures 29, 35A, 35B, 35C, 36, 37, 38A, 38B, 38C, 39 and 69; Col. 36, ll. 36-49; Reference Numeral 2806; Col. 37, ll. 56-64; Col. 39, l. 22- Col. 40, l. 20; Col. 42, l. 62-Col. 44, l. 24; Col. 54, l. 21- Col. 55, l.; 67:20-34.<br><br>Extrinsic evidence: Testimony of Dr. Hermann Helgert concerning the understanding of one of ordinary skill in the art as to the claim terms.<br><br>Webster's New World Dictionary (3rd College Ed.) (TRX TRX035394 – TRX035425 including pgs. 1073, 1145)<br>Newton's Telecom Dictionary: The Official Dictionary of Telecommunications Networking and Internet (16th ed.) (TRX035426 – TRX035435) |

4

Case 2:17-cv-00042-RWS-RSP   Document 205-1   Filed 09/10/18   Page 12 of 24 PageID #:
Case 2:17-cv-00042-RWS-RSP   Document 205-1   Filed 09/07/18   Page 6 of 6 PageID #:
35456

**TERMS THAT DEFENDANTS ASSERT ARE INDEFINITE**

| CLAIM TERM | PLAINTIFF'S PROPOSED DEFINITION AND EVIDENCE[2] |
|---|---|
| 9.Claim 12 of the '284 patent | Whether claim is indefinite is not properly part of Markman proceeding. |
| 10. referencing performance | Whether claim is indefinite is not properly part of Markman proceeding. |
| 11.one of the radio frequency transceivers | Whether claim is indefinite is not properly part of Markman proceeding. |
| 12. in order to restrict processing of radio frequency signals from at least one of said at least two wireless devices . . . in order to improve communication with at least one said wireless device | Whether claim is indefinite is not properly part of Markman proceeding. |

---

[2] "Evidence" refers to those evidentiary items required, by P.R. 4-3(b), to be in this chart.

## EXHIBIT B

## DEFENDANTS' PROPOSED CONSTRUCTIONS FOR DISPUTED TERMS

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| means for receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the corresponding location associated with said at least one wireless device / means for receiving said performance data and corresponding locations from said radio tower and correcting radio frequency signals of said radio tower in order to improve communication with said wireless devices | '284 Patent – claim 1 (means for receiving said performance data and suggest corrective actions . . . ) <br><br> '284 Patent – claim 12 (means for receiving said performance data and corresponding locations . . . ) | This is a 112, ¶ 6 claim element. <br><br> Structure: <br><br> The algorithm disclosed in Fig. 38-A and described at col. 54, line 21 through col. 55, line 2. <br><br> Function: <br><br> "receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the corresponding location associated with said at least one wireless device" (claim 1) <br><br> "receiving said performance data and corresponding locations from said radio tower and correcting radio frequency signals of said radio tower in order to improve communication with said wireless devices" (claim 12) | The claims and specification of the '284 Patent, and its counterparts in the '320 and '024 Patents, including the following portions thereof: <br><br> The algorithm disclosed in Fig. 38-A and described at col. 54, line 21 through col. 55, line 2.  Fig. 86, Fig. 87, and corresponding narrative discussions, 1:49-2:2; 36:24-35; 44:24-34; 65:25-65; 66:27-37; 67:7-34; 69:34-70:12; 70:55-67; 74:59-75:2; 75:21-76:3; 118:60-119:9.  Fig. 35-B, Fig. 37, Fig. 38-A, Fig. 38-B, Fig. 38-C, Fig. 69, 36:36-55; 36:65-37:21; 37:49-37:63; 38:23-56; 39:21-40:20; 43:4-44:14; 51:25-53:45; 62:58-62:67; 64:29-76:3.  All claims. <br><br> Rebuttal Declaration of Nicholas Laneman, Ph.D. |

---

[1] Defendants reserve the right to use any intrinsic or extrinsic materials relied upon by Plaintiff.

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| first computer / computer | '284 Patent – claims 1 and 12 (first computer) <br><br> '320 Patent – claims 1 and 4 (first computer) <br><br> '024 Patent – claims 1, 11, and 17 (computer) | "same first computer" / "same computer" | The claims and specification of the '284 Patent, and its counterparts in the '320 and '024 Patents, including the following portions thereof: <br><br> Fig. 23, Fig. 24, Fig. 26, Fig. 28, Fig. 29, Fig. 42, Fig. 81, and corresponding narrative discussions, 3:42-4:7; 13:57; 14:14-15; 14:44; 15:53; 25:25-37; 26:29-36; 28:14-23; 38:41; 44:23-35; 47:48-57; 57:66; 62:37-47; 73:55-74:41; 76:8-63; 77:5-11; 96:8-44; 98:4-63.  All claims. <br><br> The file history of the '284 Patent, including the following portions thereof: <br><br> • 07/07/2009 Office Action <br><br> • 12/29/2009 Amendment and Response <br><br> • 5/12/2010 Office Action <br><br> • 8/12/2010 Amendment and Response <br><br> • 11/9/2010 Office Action <br><br> • 5/9/2011 Amendment and Response <br><br> • 8/18/2011 Office Action <br><br> • 12/19/2011 Amendment and Response |

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | | | • 3/28/2012 Office Action |
| | | | • 9/28/2012 Amendment and Response |
| | | | • 12/12/2012 Office Action |
| | | | • 6/12/2013 Amendment and Response |
| | | | • 12/30/2013 Amendment and Response |
| | | | • 12/31/2013 Amendment and Response |
| | | | Rebuttal Declaration of Nicholas Laneman, Ph.D. |
| | | | McGraw-Hill Dictionary of Scientific and Technical Terms, 6th Ed. |
| | | | Dictionary of Computer and Internet Terms, 9th Ed. |
| | | | Dictionary of Computer Science, Engineering, and Technology |
| | | | Webster's New World Computer Dictionary, 10th Ed. |

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| performance data | '284 Patent – claims 1 and 12<br><br>'320 Patent – claims 1 and 4<br><br>'024 Patent – claims 1, 6, 11, and 17 | "metric regarding performance not generated by the wireless communications device" | The claims and specification of the '284 Patent, including the following portions thereof:<br><br>Fig. 86, Fig. 87, including corresponding narrative discussion thereof, 1:49-2:2; 36:24-35; 44:24-34; 65:25-65; 66:27-37; 67:7-34; 69:34-70:12; 70:55-67; 74:59-75:2; 75:21-76:3; 118:60-119:9.  All claims.<br><br>The file history of the '284 Patent, including the following portions thereof:<br><br>• 07/07/2009 Office Action<br><br>• 12/29/2009 Amendment and Response<br><br>• 5/12/2010 Office Action<br><br>• 8/12/2010 Amendment and Response<br><br>• 11/9/2010 Office Action<br><br>• 5/9/2011 Amendment and Response<br><br>• 8/18/2011 Office Action<br><br>• 12/19/2011 Amendment and Response<br><br>• 3/28/2012 Office Action |

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | | | • 9/28/2012 Amendment and Response<br><br>• 12/12/2012 Office Action<br><br>• 6/12/2013 Amendment and Response<br><br>• 12/30/2013 Amendment and Response<br><br>• 12/31/2013 Amendment and Response<br><br>Rebuttal Declaration of Nicholas Laneman, Ph.D.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms, 6th Ed.<br><br>Dictionary of Computer Science, Engineering, and Technology |
| corrective action / correcting | '284 Patent – claim 1 (corrective action)<br><br>'284 Patent – claim 12 (correcting)<br><br>'320 Patent – claims 1 and 4 (corrective action) | "corrective action, excluding controlling transmit power," / "correcting, excluding controlling transmit power," | The claims and specification of the '284 Patent, including the following portions thereof:<br><br>Fig. 35-B, Fig. 37, Fig. 38-A, Fig. 38-B, Fig. 38-C, Fig. 69, including corresponding narrative discussion thereof, 36:36-55; 36:65-37:21; 37:49-37:63; 38:23-56; 39:21-40:20; 43:4-44:14; 51:25-53:45; 62:58-62:67; 64:29-76:3.  All claims. |

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | '024 Patent – claims 1, 6, 11, and 17 (corrective action) | | The file history of the '284 Patent, including the following portions thereof: <br><br> • 07/07/2009 Office Action <br><br> • 12/29/2009 Amendment and Response <br><br> • 5/12/2010 Office Action <br><br> • 8/12/2010 Amendment and Response <br><br> • 11/9/2010 Office Action <br><br> • 5/9/2011 Amendment and Response <br><br> • 8/18/2011 Office Action <br><br> • 12/19/2011 Amendment and Response <br><br> • 3/28/2012 Office Action <br><br> • 9/28/2012 Amendment and Response <br><br> • 12/12/2012 Office Action <br><br> • 6/12/2013 Amendment and Response <br><br> • 12/30/2013 Amendment and Response |

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | | | • 12/31/2013 Amendment and Response<br><br>Rebuttal Declaration of Nicholas Laneman, Ph.D. |
| location | '284 Patent – claims 1 and 12<br><br>'320 Patent – claims 1 and 4<br><br>'024 Patent – claims 1, 6, 11, and 17 | "location, excluding grid positioning," | The claims and specification of the '284 Patent, including the following portions thereof:<br><br>Figs. 9-24, 27-87, including corresponding discussions thereof, 1:49-2:61; 4:35-60; 5:5-6:5; 6:22-67; 7:1-8:14; 16:20-57; 17:19-18:59; 19:34-20:21; 20:49-31:59; 35:34-38:19; 40:21-43:55; 49:66-51:25; 72:46-73:15; 79:10-57; 85:35-87:12; 87:17-95:12.  All claims.<br><br>The file history of the '284 Patent, including the following portions thereof:<br><br>• 07/07/2009 Office Action<br><br>• 12/29/2009 Amendment and Response<br><br>• 5/12/2010 Office Action<br><br>• 8/12/2010 Amendment and Response<br><br>• 11/9/2010 Office Action |

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | | | • 5/9/2011 Amendment and Response<br><br>• 8/18/2011 Office Action<br><br>• 12/19/2011 Amendment and Response<br><br>• 3/28/2012 Office Action<br><br>• 9/28/2012 Amendment and Response<br><br>• 12/12/2012 Office Action<br><br>• 6/12/2013 Amendment and Response<br><br>• 12/30/2013 Amendment and Response<br><br>• 12/31/2013 Amendment and Response<br><br>Rebuttal Declaration of Nicholas Laneman, Ph.D. |
| claim 12 of the '284 Patent | '284 Patent – claim 12 | Indefinite.<br><br>Claim 12 of the '284 Patent is directed to both "[a] machine and process for tuning a wireless network." Claim 12 includes method steps of using the claimed "machine," e.g., "wherein a user of | Rebuttal Declaration of Nicholas Laneman, Ph.D. |

8

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | | one of said at least two wireless devices is able to set a no access flag within the memory of said first computer." | |
| | | A single claim that claims both an apparatus and the method steps of using the apparatus is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2. *See In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) (citing *IPXL Holdings v. Amazon.com, Inc.*, 430 F.3d 1377, 1384, (Fed. Cir. 2005)). | |
| one of the radio-frequency transceivers | '024 Patent – claims 11, 17 | Indefinite.<br><br>This phrase lacks antecedent basis and is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2.  Both claims 11 and 17 of the '024 Patent claim "multiple radio-frequency transceivers" and later refer to "one of the radio-frequency transceivers" (the phrase at issue) without specifying which one of the "multiple radio-frequency transceivers" the "one of the radio-frequency transceivers" must be. | Rebuttal Declaration of Nicholas Laneman, Ph.D. |

Case 2:17-cv-00042-RWS-RSP   Document 203-2   Filed 09/07/18   Page 22 of 24 PageID #: 35476

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| referencing performance | '284 Patent – claim 1 | Indefinite.<br><br>This phrase is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2.  It is not clear whether "referencing performance" in claim 1 requires the location of "at least one said wireless device on said wireless network" to be referenced with the corresponding performance of the "at least one said wireless device on said wireless network."<br><br>To the extent that Plaintiff argues that "referencing performance" does not require the location of "at least one said wireless device on said wireless network" to be referenced with the corresponding performance of the "at least one said wireless device on said wireless network," then this claim element is not adequately supported by the written description and/or is not commensurate in scope with the enabling disclosure, and is indefinite under pre-AIA 35 U.S.C. 112, ¶ 1. | The claims and specification of the '284 Patent, including the following portions thereof:<br><br>Figs. 28, 35-A, 35-B, 35-C, including corresponding discussions thereof, 36:24-42:27; 51:26-53:31.<br><br>The file history of the '284 Patent, including the following portions thereof:<br><br>• 07/07/2009 Office Action<br><br>• 12/29/2009 Amendment and Response<br><br>• 5/12/2010 Office Action<br><br>• 8/12/2010 Amendment and Response<br><br>• 11/9/2010 Office Action<br><br>• 5/9/2011 Amendment and Response<br><br>• 8/18/2011 Office Action<br><br>• 12/19/2011 Amendment and Response<br><br>• 3/28/2012 Office Action<br><br>• 9/28/2012 Amendment and Response |

10

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | | | •     12/12/2012 Office Action |
| | | | •     6/12/2013 Amendment and Response |
| | | | •     12/30/2013 Amendment and Response |
| | | | •     12/31/2013 Amendment and Response |
| | | | Rebuttal Declaration of Nicholas Laneman, Ph.D. |
| in order to restrict processing of radio frequency signals from at least one of said at least two wireless devices . . . in order to improve communication with at least one said wireless device | '284 Patent – claim 1 | Indefinite.<br><br>This phrase contains terms that lack antecedent basis and is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2.  Claim 1 of the '284 Patent claims "at least two wireless devices" and later claims (in the phrase at issue) that processing of radio frequency signals is restricted from "at least one of said at least two wireless devices" without specifying which one of the "at least one of said at least two wireless devices" from which processing of radio frequency signals is restricted.  Further, claim 1 claims (in the phrase at issue) that communication is improved | Rebuttal Declaration of Nicholas Laneman, Ph.D. |

11

Case 2:17-cv-00042-RWS-RSP   Document 205-2   Filed 09/07/18   Page 12 of 12 PageID #: 35478

| Term, Phrase, or Clause | Asserted Claims | Proposed Construction | Intrinsic and Extrinsic Evidence[1] |
|---|---|---|---|
| | | with "at least one said wireless device," and it is not clear whether such "said wireless device" means the "at least one of said at least two wireless devices" from which processing of radio frequency signals is restricted or the other one of the "two wireless devices." | |