UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC., ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:17-cv-00042 |
| v. ) | Lead Consolidated Case |
| ) | |
| ) | |
| HUAWEI TECHNOLOGIES USA INC., ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**PLAINTIFF TRAXCELL TECHNOLOGIES, LLC'S
OPENING CLAIM CONSTRUCTION BRIEF**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. ii
I.     A PARTY MUST PROVE CONSTRUCTION OF A TERM IS NECESSARY. ........... 1
II.    TERMS FOR WHICH DEFENDANTS PROPOSE A CONSTRUCTION ................... 2
       A.   "MEANS FOR RECEIVING . . . TO IMPROVE COMMUNICTION WITH SAID WIRELESS DEVICE." ................................................................. 2
       B.   FIRST COMPUTER/COMPUTER ..................................................................... 5
       C.   PERFORMANCE DATA ..................................................................................... 5
       D.   CORRECTIVE ACTION / CORRECTING ......................................................... 6
       E.   LOCATION .......................................................................................................... 7
III.   TERMS FOR WHICH DEFENDANTS REQUEST AN INDEFINITENESS RULING AT CLAIM CONSTRUCTION .................................................................... 8
       A.   ONE OF THE RADIO FREQUENCY TRANSCEIVERS ................................. 8
       B.   REFERENCING PERFORMANCE .................................................................... 8
       C.   IN ORDER TO RESTRICT .................................................................................. 9
       D.   CLAIM 12 OF THE '284 PATENT ..................................................................... 9
            1.    Claim Construction is Not the Proper Place to Raise Invalidity ......... 10
            2.    No Party Proposes a Construction of these Terms and Claim 12 ......................................................................................................... 11
IV.    CONCLUSION ............................................................................................................... 11

## I. A PARTY MUST PROVE CONSTRUCTION OF A TERM IS NECESSARY.

A court only has to construe a disputed claim limitation *to the extent necessary to decide the specific and concrete infringement or invalidity dispute before it*.[1] Patent law should not require courts to expend judicial resources in trying to determine alleged claim-construction disputes under the guise of considering indefiniteness if the claim-construction dispute does not impact whether infringement exists, the prior art invalidates the claim, or the claim fails to comply with the written description, enablement, or best mode requirements.[2] Because Expedia has not shown that construction of this term is necessary to decide the specific and concrete infringement or invalidity dispute before it, the term need not be construed.

Further, if "construing . . . [a] term will only tend to confuse rather than clarify, the term requires no further construction."[3] "Absent clear evidence to the contrary, [a] Court [should be] hesitant to change the plain meaning of a term."[4] When a plain and ordinary meaning construction resolves a dispute between the parties as to a term, no further construction is

---

[1] *See Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) (". . . only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy").

[2] Indeed, in the context of seeking to reduce the burden patent litigation imposes on the judiciary, one district court requires that for every claim term a patent litigant wants the court to construe in the *Markman* phase of the case, the litigant must first show how or why the construction of the disputed claim term will impact the infringement or invalidity issues in the case before the court will agree to construe the term. *Sandisk Corp. v. Zotek Electronic Co., Ltd.*, No. 07-cv-605-bbc, 2010 WL 2671579, *1 (W.D. Wis. Jul. 1, 2010) (ruling that the parties presented sufficiently persuasive reasons for the court to construe 13 of the 15 requested claim terms in a pre-summary judgment *Markman* proceeding, but that they failed to present persuasive reasons for two of the requested terms because the parties failed to "describe[] how their disagreements about the meaning of those terms relate to any dispute regarding infringement or invalidity").

[3] *Freeny v. Murphy USA Inc.*, No. 2:13-CV-791-RSP, 2015 U.S. Dist. LEXIS 6377, at **51, 52 (E.D. Tex. Jan. 21, 2015) (Payne, Mag.).

[4] *Id.* at *52.

necessary.[5] "Claim construction is . . . to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy."[6]

## II. TERMS FOR WHICH DEFENDANTS PROPOSE A CONSTRUCTION

### A. "MEANS FOR RECEIVING . . . TO IMPROVE COMMUNICTION WITH SAID WIRELESS DEVICE."

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| "means for receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the corresponding location associated with said at least one wireless device" / "means for receiving said performance data and corresponding locations from said radio tower and correcting radio frequency signals of said radio tower in order to improve communication with said wireless devices" | This is a §112, ¶6 term. Structure, material or acts: "primary analytic software operationally connected to monitoring software and fault diagnosis / correction software" | This is a 112, ¶ 6 claim element.<br><br>Structure:<br>The algorithm disclosed in Fig. 38-A and described at col. 54, line 21 through col. 55, line 2.<br>Function:<br>"receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the<br><br>corresponding location associated with said at least one wireless device" (claim 1)<br><br>"receiving said performance data and corresponding locations from said radio tower and correcting radio frequency signals of said radio tower in order to improve communication with said wireless devices" (claim 12) |

---

[5] *Id.* at *52 (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)).

[6] *U.S. Surgical Corp.*, 103 F.3d at 1568.

The '284 Patent[7] connects to the recited function the structure of primary analytic software operationally connected to monitoring software and fault diagnosis / correction software.[8]

Defendant's proposed construction errs in at least two respects. First, it ignores the '284 Patent disclosed structure set forth in Plaintiff's proposed construction. Second, an algorithm is required in a means-plus-function corresponding structure only when a general purpose computer is being used, in a claim, to achieve a specific, non-general, purpose such that an algorithm is needed by the general purpose computer to achieve the purpose.[9]

Here, primary analytic software operationally connected to monitoring software and fault diagnosis / correction software is not a general purpose computer. General purpose computers are computers like "processors."[10] The kind of general, non-special, purposes general computers achieve are:

- processing;[11]
- receiving data;[12]
- storing data;[13]
- retrieving data;[14]

---

[7] U.S. Patent No. 8,977,284.

[8] '284 Patent (ECF No. 1-2) at Figures 35A, 35B, 35C, 36, 37, 38A, 38B, 38C, and 39 and at 38:56-39:4 (i.e., column 38, line 56 through column 39, line 4), 39:22-40:20; 43:3-44:34; 71:50-72:13; 72:31-73:10; 74:46-75:28.

[9] *E.g.*, *Ergo Licensing, LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1364, 1365 (Fed. Cir. 2012); *Pavilion Techs., Inc. v. Emerson Elec. Co.*, No. A-05-CA-898-SS, 2006 WL 6210180, at *8, *9 (W.D. Tex. Sept. 5, 2006); *see also Froessl v. Hewlett-Packard Co.*, No. C-01-20924, 2002 WL 34455177, at *3–*5 (N.D. Cal. 2002).

[10] *HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1280 (Fed. Cir. 2012).

[11] *Ergo Licensing*, 673 F.3d at 1365.

[12] *Id.*

[13] *Id.*

[14] *Pavilion Techs., Inc. v. Emerson Elec. Co.*, No. A-05-CA-898-SS, 2006 WL 6210180, at *5 (W.D. Tex. Sept. 5, 2006.

- simple arithmetical operations;[15] and
- functions performable by a general purpose computer using only off-the-shelf software.[16]

On the other hand, a special purpose computer can be as simple as a controller.[17] Examples of non-general, special purposes include:

- controlling adjusting means;[18]
- "entering," "deleting," "reviewing," and "adjusting" financial transaction data;[19]
- assigning numbers to stopping positions;[20]
- time domain processing;[21] and
- assigning a plurality of numbers representing the angular positions of each slot reel in a slot machine.[22]

Comparing and contrasting these examples and purposes of general purpose computers and special purpose computers with the means-plus-function corresponding structure in the present case shows that the corresponding structure of primary analytic software operationally connected to monitoring software and fault diagnosis / correction software is not a general purpose computer.

---

[15] *Id.* at *9.
[16] *Id.*
[17] *Goss Int'l Americas, Inc. v. Graphic Mgmt. Assocs., Inc.*, 739 F. Supp. 2d 1089, 1100 (N.D. Ill. 2010).
[18] *Ergo Licensing*, 673 F.3d at 1365.
[19] *Noah Sys. Inc. v. Intuit Inc.*, 675 F.3d 1302, 1315 (Fed. Cir. 2012).
[20] *Pavilion Techs., Inc. v. Emerson Elec. Co.*, No. A-05-CA-898-SS, 2006 WL 6210180, at *8 (W.D. Tex. Sept. 5, 2006).
[21] *Id.*
[22] *Katz Interactive Call Processing Patent Litig. v. Am. Airlines, Inc.*, 639 F.3d 1303, 1314 (Fed. Cir. 2011).

B. **FIRST COMPUTER/COMPUTER**

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| First computer/computer | "system comprising memory, hardware, and software" | "same first computer" / "same computer" |

Plaintiff's construction is supported by the '284 patent.[23] In contrast, Defendant's addition of the modifier "same" to the term "first computer" and "computer" confuses rather than clarifies the term. Words have meaning. Defining the term by the term's own language is circular and confusing. Then also adding the modifying term "same" is confusing: does that mean "same" has no meaning (i.e., if "computer" and "same computer" have identical meanings, does "same" carry no meaning?)?

C. **PERFORMANCE DATA**

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| Performance data | *No construction necessary.*[24] | "metric regarding performance not generated by the wireless communications device" |

"Performance" and "data" are easily understandable terms. Thus, any construction—particularly Defendant's narrowing lengthy construction that is not supportable by the intrinsic evidence would only confuse rather than clarify the term's meaning.

Further, because Defendants have not carried their burden to prove that construction is necessary for a particular infringement or invalidity dispute, construction of the term is not

---

[23] '284 Patent (ECF No. 1-2) at Fig. 9, 29; Col. 16, ll. 28-41.
[24] I.e., no construction is necessary beyond its plain and ordinary meaning. *See Freeny*, 2015 U.S. Dist. LEXIS 6377, at **51, 52 (Payne, Mag.).

necessary.[25]

D. **CORRECTIVE ACTION / CORRECTING**

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| Corrective action / correcting | *No construction necessary.* | "corrective action, excluding controlling transmit power," / "correcting, excluding controlling transmit power," |

"Corrective action" and "correcting" are easily understandable terms. Thus, any construction—particularly Defendant's narrowing lengthy construction that is not supportable by the intrinsic evidence would only confuse rather than clarify the term's meaning.

Further, because Defendants have not carried their burden to prove that construction is necessary for a particular infringement or invalidity dispute, construction of the term is not necessary.[26]

Also, again Defendant offers a confusing rather than clarifying proposed construction by (1) seeking to define the term by the term's own language (i.e., is circular) and (2) then further adds addition not-contained-in-the-claim-language modifying language (i.e., ", excluding controlling transmit power") to the actual claim language.

---

[25] *See Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) (". . . only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy").

[26] *Id.*

**E. LOCATION**

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| location | "geographical data" | "location, excluding grid positioning, |

A construction of "geographical data" is supported by the '284 Patent.[27]

Alternatively, "location" is an easily understandable term. Thus, any construction—particularly Defendant's narrowing construction that simply tacks on additional modifying language to the actual claim language is not supportable by the intrinsic evidence—would only confuse rather than clarify the term's meaning.

Further, because Defendants have not carried their burden to prove that construction is necessary for a particular infringement or invalidity dispute, construction of the term is not necessary.[28]

Also, again Defendant offers a confusing rather than clarifying proposed construction by (1) seeking to define the term by the term's own language (i.e., is circular) and (2) then further adds addition not-contained-in-the-claim-language modifying language (i.e., ", excluding grid positioning) to the actual claim language. To the extent Defendants contend the specification indicates examples of grid positioning not being within this term's meaning: importing a limitation from the written description into the claims is a "cardinal sin" in patent law.[29] Here, when claiming the invention, the patentee chose the words ""location," not "location, excluding

---

[27] '284 Patent (ECF No. 1-2) at Title; Figures 11-22, 27-28, 33-35, 39, 40-41, and 53-56; Col. 6, ll. 15-34; Col. 7, ll. 6-11 and ll. 46-61; Col. 7, l.62 -Col. 8, l. 8; Col. 16, ll. 28-41; Col. 19, ll. 19-24; Col. 41, ll. 14-22; Col. 30, ll. 49-54; Col. 55, ll. 57-60 .

[28] *See Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) (". . . only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy").

[29] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1320 (Fed. Cir. 2005) (en banc).

grid positioning."

### III. TERMS FOR WHICH DEFENDANTS REQUEST AN INDEFINITENESS RULING AT CLAIM CONSTRUCTION

The following several items will be addressed further below as a group.

#### A. ONE OF THE RADIO FREQUENCY TRANSCEIVERS

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| one of the radio frequency transceivers | *No construction necessary.* | Indefinite.<br><br>This phrase lacks antecedent basis and is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2. Both claims 11 and 17 of the '024 Patent claim "multiple radio-frequency transceivers" and later refer to "one of the radio-frequency transceivers" (the phrase at issue) without specifying which one of the "multiple radio-frequency transceivers" the "one of the radiofrequency transceivers" must be. |

#### B. REFERENCING PERFORMANCE

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| referencing performance | *No construction necessary.* | Indefinite.<br><br>This phrase is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2. It is not clear whether "referencing performance" in claim 1 requires the location of "at least one said wireless device on said wireless network" to be referenced with the corresponding performance of the "at least one said wireless device on said wireless network."<br><br>To the extent that Plaintiff argues that "referencing performance" does not require the location of "at least one said wireless device on said wireless network" to be referenced with the corresponding performance of the "at least one said wireless device on said wireless network," then this claim element is not adequately supported by the written description and/or is not commensurate in scope with the enabling disclosure, and is indefinite under pre-AIA 35 U.S.C. 112, ¶ 1. |

8

## C. IN ORDER TO RESTRICT

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| in order to restrict processing of radio frequency signals from at least one of said at least two wireless devices . . . in order to improve communication with at least one said wireless device | *No construction necessary.* | Indefinite.<br><br>This phrase contains terms that lack antecedent basis and is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2. Claim 1 of the '284 Patent claims "at least two wireless devices" and later claims (in the phrase at issue) that processing of radio frequency signals is restricted from "at least one of said at least two wireless devices" without specifying which one of the "at least one of said at least two wireless devices" from which processing of radio frequency signals is restricted. Further, claim 1 claims (in the phrase at issue) that communication is improved with "at least one said wireless device," and it is not clear whether such "said wireless device" means the "at least one of said at least two wireless devices" from which processing of radio frequency signals is restricted or the other one of the "two wireless devices." |

## D. CLAIM 12 OF THE '284 PATENT

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| claim 12 of the '284 Patent | Whether claim is indefinite is not properly part of Markman proceeding. | Indefinite.<br><br>Claim 12 of the '284 Patent is directed to both "[a] machine and process for tuning a wireless network." Claim 12 includes method steps of using the claimed<br><br>"machine," e.g., "wherein a user of one of said at least two wireless devices is able to set a no access flag within the memory of said first computer."<br><br>A single claim that claims both an apparatus and the method steps of using the apparatus is indefinite under pre-AIA 35 U.S.C. 112, ¶ 2. *See In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) (citing *IPXL Holdings v. Amazon.com, Inc.*, 430 F.3d 1377, 1384, (Fed. Cir. 2005)). |

9

### 1. Claim Construction is Not the Proper Place to Raise Invalidity

Indefiniteness[30]—an invalidity issue—is not appropriately addressed at claim construction, but rather at summary judgment.[31] Defendants should not be allowed to avoid a full validity analysis by raising indefiniteness during claims construction.[32]

If the Court did wish to address indefiniteness of the above terms and claim 12 though no party is proposing a construction, Plaintiff requests the Court request the addressing of that non-claim-construction issue and permit separate briefing on that issue. Though the terms and claim 12 on their face show Defendants cannot carry their clear-and-convincing burden to prove the terms and claim 12 are insolubly ambiguous and no narrowing construction can properly be adopted, Plaintiff will be glad to respond to a Court's directive, if the Court is so inclined, to address the issue in this claim-construction proceeding. For example, Defendant's simplistic asserted statement of claims purportedly reciting apparatus and method features is an inaccurate simplification of the law.[33]

Thus, because Indefiniteness—an invalidity issue—is not appropriately addressed at claim construction, but rather at summary judgment, the Court need not construe or address these

---

[30] Indefiniteness requires clear and convincing evidence that one of ordinary skill in the art could not discern the claim boundaries based on claim language, specification, prosecution history, and knowledge in the art. *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010). A claim is indefinite only if it is insolubly ambiguous and no narrowing construction can properly be adopted. *Id.* at 783.

[31] *E.g.*, *H-W Tech., L.C. v. Apple, Inc.*, No. 3:11-CV-651-G, 2012 U.S. Dist. LEXIS 36764, at *11–*17 (N.D. Tex., Feb. 23, 2012) (Ex. 12); *Hardware Techs. Co. v. Toshiba Corp.*, 508 F. Supp. 2d 752, 773 n.3 (N.D. Cal. 2007).

[32] *Rhine v. Casio, Inc.*, 183 F.3d 1342, 1346 (Fed. Cir. 1999); *Convolve, Inc. v. Compaq Computer Corp.*, No. 00-CV-5141, 2005 U.S. Dist. LEXIS 16375, at *43 (S.D.N.Y., Aug. 9, 2005) (Ex. 13); *Orion IP, LLC v. Mercedes-Benz USA, LLC*, 516 F.Supp.2d 720, 735 (E.D. Tex. 2007).

[33] *Convolve, Inc. v. Dell, Inc.*, No. 2:08-CV-244-CE, 2011 WL 31792, **17, 18 (E.D. Tex. Jan. 5, 2011).

terms and claim 12 at this claim-construction proceeding.

### 2. No Party Proposes a Construction of these Terms and Claim 12.

Because no construction no party proposes a construction of these terms and claims 12, the Court need not construe or address these terms and claim 12 at this claim-construction proceeding.

### IV. CONCLUSION

Plaintiff Traxcell's claim constructions should be adopted because the constructions follow proper claim-construction principles. For those terms for which Defendant either not proven construction is necessary to resolve an actual infringement or validity issue and/or not offered a clarifying—rather than confusing—construction, those terms need not be construed.

Further, pursuant to case law, Defendant's attempts to avoid full briefing on invalidity (specifically, indefiniteness) issues by raising those issues here rather than at the summary-judgment stage should be rejected and the Court should not address those terms and claim 12 at this claim-construction proceeding.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
(713) 547-9100 (telephone)
(713) 547-9150 (fax)
jthomas@hicks-thomas.com

*Attorneys for Traxcell*

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served today, November 6, 2018, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III