UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC., )<br>    Plaintiff,    )<br>                             )<br>v.                           )<br>                             )<br>                             )<br>HUAWEI TECHNOLOGIES USA INC., )<br>    Defendant.    ) | Civil Action No. 2:17-cv-00042<br>Lead Consolidated Case<br><br><br>JURY TRIAL DEMANDED |

PLAINTIFF TRAXCELL TECHNOLOGIES, LLC'S
REPLY CLAIM CONSTRUCTION BRIEF[1]

## I. REMAINING TERMS FOR CONSTRUCTION

### A. "MEANS FOR RECEIVING . . . TO IMPROVE COMMUNICTION WITH SAID WIRELESS DEVICE."

Plaintiff adopts Defendant's Function in Document Number 244 on page 7 of 27 but with the following addition to the disclosure of structure: "The algorithm disclosed in Fig. 38-A, Fig. 38-B, and Fig. 38-C and described at col. 54, line 21 through col. 55, line 41.  Plaintiff's construction adds Figure 38-C for structure of the Fault Diagnosis/Correction Software and lines 3-41 of Column 55 describing Fig. 38-B and Fig. 38-C.  The additional disclosure of structure relates to "suggest[ing] corrective actions obtained from a list of possible causes" in the case of Claim 1 and "correcting radio frequency signals" of claim 12.

### B. FIRST COMPUTER/COMPUTER

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| First computer/computer | "system comprising memory, hardware, and software" | "same first computer" / "same computer" |

---

[1] In reply to Doc. No. 244.

1

Figure 29 illustrates a physical realization of an embodiment of a "computer" and discloses a system, hardware and software through the master server 2900 with external LAN 2912, software and hardware 2800, backup server 2914, local access points 2904, external access point 2902, individual computers 2910, e-mobility applications 144, wireless devices 104, Base Station Controller (BSC) 118-A and switch 130. There is no requirement that the disclosed master server on which the software runs is the same computer. Column 47, lines 50-55 of the '284 patent illustrate that more than one computer is specifically envisioned in scope through at least individual computers 2910 and LAN 2912.

Defendants' construction is not proper as it incorrectly attempts to read a limitation into the claim term[2] by ignoring the plain language from prosecution counsel's argument. Plaintiff specifically provided that "Reed offers a single computer, containing location and performance information … (**without the need for special hardware in the phone, second computers, or a two way tuning communication with the wireless device**).[3] Therefore, a computer *does not contain special hardware in the phone, second computers….* Plaintiff's statements only confirm that a "second computer" is not part of the construction of "first computer" or "computer," i.e. because "second computer" is a separate claim limitation.

C.  PERFORMANCE DATA

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| Performance data | *No construction necessary.*[4] | "metric regarding performance not generated by the wireless communications device" |

---

[2] *See* Responsive Claim Construction Brief, Doc. No. 244 at 8-11.
[3] *See* Doc. No. 244-2 at 38 of 68 (emphasis added).
[4] I.e., no construction is necessary beyond it's plain and ordinary meaning. *See Freeny*, 2015 U.S. Dist. LEXIS 6377, at **51, 52 (Payne, Mag.).

2

Defendants construction impermissibly reads a limitation into the term by misapplying the prosecution history. In prosecution, Plaintiff provided "Reed teaches a first computer that references performance of a wireless device without receiving the actual performance data from the wireless device itself. **Reed's first computer is able to reference this performance data by monitoring the radio tower**."[5] The statement provides that the performance data is referenced by a computer monitoring the radio tower. There is no limitation of where the performance data was generated.

This is further confirmed by statements explaining the cited excerpts:

> Andersson does not consider monitoring the base station for "carrier-to-inference ratio" (CIR), or any other type of performance data related to his mobile station. **In Andersson 's world, the CIR must be determined by his mobile station and then transmitted to the base station. Andersson 's first computer cannot reference the performance data of a wireless device, without receiving said performance date from his mobile station MS1. Reed does not require the extra steps or equipment required by Andersson, to send and receive performance data between the base station and the wireless device.**[6]

There is no limitation as to where the performance data is generated.

D. **LOCATION**

| Claim Term | TRAXCELL Construction | HUAWEI Construction |
|---|---|---|
| location | "geographical data" | "location, excluding grid positioning, |

Plaintiff adopts the first portion of Defendants' proposed construction, that the term location does not need to be construed. However, Plaintiff disagrees that the limitation excluding grid positioning is correct because "grid positioning" is not defined. The prosecution history uses

---

[5] *See* Doc. No. 244-2 at 23 of 68 (emphasis added).
[6] *See* id. at 28 of 68 (emphasis added).

3

the term "grid pattern," not "grid positioning." "Grid pattern" is explained in the prosecution history to be the mapping of power levels to a geographic grid. There is no basis for Defendants' proposal. As admitted by Defendants, Plaintiff's location can be in the form of latitude and longitude.[7]

### E. ONE OF THE RADIO-FREQUENCY TRANSCIEVERS

Contrary to Defendants' argument, Plaintiff is not required to address indefiniteness until the issue is raised. Plaintiff has limited the "multiple" or "one or more" radio-frequency transceivers to "one." The claim language and the intrinsic evidence would inform those skilled in the art to the scope of the invention with reasonable certainty.[8] The claim term is not insolubly ambiguous.

### F. REFERENCING PERFORMANCE

Contrary to Defendants' argument, Plaintiff is not required to address indefiniteness until the issue is raised. The term "referencing performance" is a part of a claim element at lines 23-26 of Column 127 where a locating step has already been performed: "locating at least one said wireless device on said wireless network and referencing performance of said at least one wireless device with wireless network known parameters…." Further, Column 36 at lines 25-25 discuss referencing performance. The claim language and the intrinsic evidence would inform those skilled in the art to the scope of the invention with reasonable certainty.[9] The claim term is not insolubly ambiguous.

### G. IN ORDER TO RESTRICT PROCESSING … IN ORDER TO IMPROVE COMMUNICATION …."

Contrary to Defendants' argument, Plaintiff is not required to address indefiniteness until

---

[7] *See* Responsive Claim Construction Brief, Doc. No. 244 at 15-16.
[8] *Nautilus Inc. v. Biosig Instruments, Inc.,* 134 S. Ct. 2120, 2129 (2014).
[9] *See id.*

4

the issue is raised. Plaintiff has limited the "at least two wireless devices" or "at least one of said two wireless devices." The claim language and the intrinsic evidence would inform those skilled in the art to the scope of the invention with reasonable certainty.[10] The claim term is not insolubly ambiguous.

### H. CLAIM 12

Claim 12 does not claim a machine and process, but rather a "machine." The preamble does recite "machine and process" but is not limiting, as the preamble breaths no life into the claims. All elements of the claims are parts of a machine: "at least two wireless devices" and "a first computer programmed to…." The fact that the computer is programmed does not render the claim insolubly ambiguous and is not make the machine a process.

## II. CONCLUSION

Plaintiff Traxcell's claim constructions should be adopted because the constructions properly follow proper claim-construction principles and the prosecution history.

Respectfully submitted,
**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
    William P. Ramey, III
    Texas Bar No. 24027643
    5020 Montrose Blvd., Suite 750
    Houston, Texas 77006
    (713) 426-3923 (telephone)
    (832) 900-4941 (fax)
    wramey@rameyfirm.com

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
jthomas@hicks-thomas.com
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000

---

[10] *Biosig Instruments, Inc.,* 134 S. Ct. at 2129.

Houston, Texas 77002  
Telephone:  (713) 547-9100  
Facsimile:   (713) 547-9150

**Attorneys for Traxcell**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of November 27, 2018, with a copy of the foregoing via the Court's CM/ECF system.

<u>/s/ William P. Ramey, III</u>  
William P. Ramey, III