# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | |
| Plaintiff, | Civil Action No.: 2:17-cv-000042-RWS-RSP |
| v. | (Consolidated Lead Case) |
| NOKIA SOLUTIONS AND NETWORKS US LLC and NOKIA SOLUTIONS AND NETWORKS OY, | Civil Action No.: 2:17-cv-00044-RWS-RSP |
| | **FILED UNDER SEAL** |
| Defendants. | |

## DEFENDANTS NOKIA OF AMERICA CORP. AND NOKIA SOLUTIONS AND NETWORKS OY'S MOTION TO STRIKE THE SUPPLEMENTAL DAMAGES REPORT OF EXPERT JOSHUA LYNN

**FILED UNDER SEAL – CONTAINS HIGHLY CONFIDENTIAL INFORMATION**

I.  **INTRODUCTION**

Nokia of America Corp. and Nokia Solutions and Networks Oy ("Nokia") respectfully submit this Motion to strike the Supplemental Damages Report of Joshua Lynn ("Supplemental Report"). Traxcell timely served an original damages report estimating the royalties that Nokia would owe Traxcell for a license to the asserted patents. Traxcell then served, on April 20, 2019, a supplemental report ███████████████████████████████████

███████████████████████████████████████ The entire explanation for this supplement in Mr. Lynn's supplemental report is that he was "███████████

███████████████████████████████████████". Ex. 1, Suppl. Rpt. at 1 n.1.[2]

Traxcell made the strategic decision ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████

There is also no new discovery that justifies Traxcell's changed position. This Court *denied* Traxcell's motion to compel additional financial information, so there is no new information that Mr. Lynn could not have relied upon for his opening report. There is nothing in the course of the motion to compel briefing or otherwise in expert discovery that could justify

---

[1] ███████████████████████████████████████

[2] During the parties' meet and confer efforts, on June 30 and May 1, 2019, Traxcell identified other discovery and a Court order that it contends warrant the supplement. Nokia discusses each of those arguments in this Motion *supra*.

Traxcell's strategic shift. Indeed, this Court has already considered and rejected Traxcell's request for its experts to "go back to include" pre-suit damages. Dkt. 323 at 2 ("Because Plaintiff's expert does not include pre-suit damages within his report, Plaintiff is not able to go back to include such damages.") (order denying Traxcell's motion to compel).

## II. BACKGROUND

### A. Nokia and Traxcell's Expert Reports

The deadline for Expert Witness Disclosures fell on February 11, 2019. Dkt. 275 at 2. Traxcell timely served the opening expert report of Mr. Lynn on that date. That expert report stated, " ███████████████████████████████

███████████████████████████████████

███████████████████

On March 4, 2019, Nokia timely served the rebuttal report of Ms. Lynsey Honegger. That expert report only responded to the theories asserted in Mr. Lynn's report, and particularly to ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

2

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

Nokia's technical reports also responded to the technical basis for Mr. Lynn's opinions and therefore particularly analyzed ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████

At Mr. Lynn's deposition, Traxcell produced to Nokia's counsel new exhibits to his expert report.  Nokia did not move to strike those exhibits because Nokia cross-examined Mr.

3

Lynn on those new exhibits and was able to add the topics discussed therein to Nokia's *Daubert* motion against Mr. Lynn, which Nokia had to file that same day.

B. Traxcell's Motion to Compel Additional Financial Documents

On the last day of fact discovery, Traxcell filed a motion to compel the production of additional financial documents. Dkt. 277. The Court denied this motion, on April 11, for a number of reasons, including that Traxcell's request for additional pre-suit financials were not relevant given the scope of its expert reports:

> Because Plaintiff's expert does not include pre-suit damages within his report, Plaintiff is not able to go back to include such damages. Accordingly, Plaintiff's request for underlying documents related to the financial data before 2017 is not relevant. Dkt. 323 at 2.

C. Traxcell's Supplemental Report

On April 20, 2019, Traxcell served Nokia with Mr. Lynn's supplemental damages report. Ex. 5 (service email). Traxcell's counsel represented in its service email that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* Confusingly, that service email also cited ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Traxcell's pretrial disclosures were due on April 11, 2019. Dkt. 294 (docket control order). Nokia did not receive Traxcell's supplemental expert report until nine days later. Traxcell has not moved to amend the docket control order to accommodate its supplemental report.

4

### III. LEGAL STANDARD

A party must disclose the opinions of its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  Rule 26 requires that the expert reports submitted contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).  Rule 16(b) grants the district court broad discretion in establishing deadlines in order to control its docket. *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir. 1996).  And Rule 16(f)(1)(C) together with Rule 37(b)(2)(A)(ii)-(vii) empowers the court to, among other options, prohibit the disobedient party from introducing designated matters in evidence because disclosures were filed outside the deadlines created in the scheduling order.

A party who fails to timely disclose its opinions bears the burden of proving that such failure is harmless.  *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999). Courts in the 5th Circuit consider four factors to determine whether a Rule 26 violation is harmless:

"(1) [the party's] explanation for its failure to disclose the evidence,

(2) the importance of the evidence,

(3) the potential prejudice to [the opposing party] in allowing the evidence, and

(4) the availability of a continuance."

*CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).  However, because this rule is "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information," a supplemental report containing "new rather than supplementary" opinions is not appropriate under Rule 26(e).  *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016).

The Fifth Circuit has stated that a district court did not abuse its discretion in striking supplemental expert opinions when allowing the "plaintiff to add more material now and [to] create essentially a new report would prejudice the defendants, who would then have to get an expert to address these last-minute conclusions, and thus disrupt the trial date." *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257–58 (5th Cir. 1997). Thus, expert report supplementation is an improper vehicle through which to give "ineffective litigants a second chance to develop their case." *Id.* at 258.

IV. **ARGUMENT**

    A. <u>Traxcell's Explanation for its Supplementation is Unreasonable</u>

Traxcell made a strategic legal decision ███████████████████████

███████████ That legal and strategic decision could not have been any more explicit in Traxcell's report: ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████ Traxcell likely believed that █████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

        ████████████████████████████████
        ████████████

            ████████████████████████████████
            ████████████████████████████████

6

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████

Ex. 7, Reed Tr. at 216:1-12. As Traxcell is certainly aware, it bears the burden of proof on that issue and likely ████████████████████████████████████. *Arctic Cat. v. Bombardier Recreational Products*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement."). Regardless, filing an untimely supplemental report is not appropriate based on a new legal strategy, even assuming that new strategy had merit. *Reliance Ins.*, 110 F.3d at 258 (5th Cir. 1997) (holding that expert report supplementation is not intended to give "ineffective litigants a second chance to develop their case.").

Traxcell's explanation for its late supplement is unclear, but seems to be that the ███████████████████████████████████████████ ███████████████████████████████████████████ █████████████████████ As an initial matter, this argument is difficult to credit given that Traxcell told Nokia that ████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████ In other words, ███████████████████████████████████████████ ███████████████████████████████████████████

Nevertheless, even a cursory review of the cited evidence shows that none of it can justify Traxcell's late supplement.

7

First, Traxcell points to the Court's order on Traxcell's motion to compel additional financial information. But that order cannot possibly justify a supplemental report because it *denied* Traxcell additional discovery. No new information that could contribute to a supplemental report resulted from that order. Second, Traxcell points to Mr. Ranganathan's declaration that was submitted during the motion to compel briefing, but this declaration was submitted *before* Mr. Lynn's deposition, in which he stated that it was still his understanding that Traxcell was not entitled to pre-suit damages. *Supra*; Ex. 6, Lynn Tr. at 37:9-14. Mr. Ranganathan's declaration, therefore, cannot be the reason that Traxcell needs to supplement its report because Mr. Lynn ▮▮▮▮▮▮▮▮▮▮ Third, Traxcell points to the depositions of Nokia's experts Ms. Honegger and Dr. Laneman, but the supplemental report is not responsive to either of these depositions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See generally* Supplemental Report. As Traxcell admitted, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

B.     The Evidence is Not Critical To Traxcell's Case

The supplemental report is not critical to Traxcell's case. The supplemental report only ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Although, as explained below, this narrow supplement would require significant work by Nokia to respond to it, it does not substantially change Traxcell's presentation of evidence. The supplemental report does not change ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

### C. The Supplemental Report is Prejudicial

Traxcell's Supplemental Report is highly prejudicial to Nokia. This case is less than two months from trial, which is set for June 17th. Dkt. 294. As such, the Supplemental Report was served after Traxcell served its pretrial disclosures on April 11, 2019, and therefore the supplement is barred under the Federal Rules. Fed. R. Civ. P. 26(e)(2) ("Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.").

Most importantly, Traxcell's supplement would require Nokia to significantly revise its rebuttal damages expert report and require an additional deposition of Mr. Lynn. Ms. Honegger made her rebuttal damages calculations in reliance on Mr. Lynn's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As described above at length, many aspects of not only Ms. Honegger's calculations, but her theories, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Each of those opinions would need to be reconsidered or redrafted if the supplemental report is permitted. Likewise, Nokia would need to request that its technical expert, Dr. Laneman, reconsider ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Nokia would further need to re-depose Mr. Lynn and the Traxcell technical experts supporting him, to understand the basis for his new opinions as well as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In sum, the Traxcell Supplemental Report would require a cascade of new rebuttal reports from Nokia's damages and technical expert, and a new round of depositions of Traxcell's damages and

9

infringement expert.  Nokia would also require additional discovery on ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## V.     **CONCLUSION**

For the foregoing reasons, Nokia respectfully requests that the Court grant Nokia's Motion to Strike the Supplemental Damages Report of Joshua Lynn.

Respectfully submitted May 2, 2019

By: /s/ Nathan Hamstra
David Nelson
Nathan Hamstra
Marc Kaplan
Athena Dalton
davenelson@quinnemanuel.com
nathanhamstra@quinnemanuel.com
marckaplan@quinnemanuel.com
athenadalton@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
191 N. Wacker Dr., Suite 2700
Chicago IL 60606
Tel: 312-705-7400
Fax: 312-705-7401

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON PC**
110 N. College, Suite 500
Tyler, Texas 75710-0359
Tel: 903-597-8311
Fax: 903-593-0846

*Attorneys for Defendant Nokia of America Corp. and Nokia Solutions and Networks Oy*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants, including Marc Kaplan, Michael E. Jones and others, has conferred with Plaintiff's counsel, William Ramey, about the subject matter of this motion on June 30 and May 1, 2019.  The matters discussed during this meet and confer are discussed in the Motion above, and included the nature of Traxcell's supplemental report, the lack of good cause for service of that report, and the prejudice to Nokia of the report.  Traxcell identified depositions, the Murali declaration, and this Court's order denying Traxcell's Motion to Compel as providing good cause for its supplement.  Plaintiff's counsel confirmed that Traxcell would oppose this motion.  Thus, the matter is ripe for the Court's determination.

        */s/ Marc Kaplan*
        Marc Kaplan

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record are being served this 2nd day of May, 2019 with a copy of this document via email.

        */s/ Nathan Hamstra*
        Nathan Hamstra

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that this document is authorized to be filed under seal pursuant to the protective order governing this cause.

        */s/ Nathan Hamstra*
        Nathan Hamstra