# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:17-cv-000042-RWS-RSP |
| | § | **LEAD CASE** |
| HUAWEI TECHNOLOGIES USA INC., | § § § § | |
| | § | |
| NOKIA SOLUTIONS AND NETWORKS US LLC ET AL, | § § § § | Case No. 2:17-cv-00044-RWS-RSP |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Traxcell Technologies, LLC's (hereinafter "Plaintiff") Objections (Dkt. No. 389) to the Magistrate Judge's Report and Recommendation (Dkt. No. 386), which recommended that summary judgment be granted for Plaintiff's claims of infringement against Defendants Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy (collectively "Nokia"). After consideration of Plaintiff's Objections and the Magistrate Judge's Report and Recommendation, the Court agrees with the reasoning provided within the Report and Recommendation and therefore **OVERRULES** Plaintiff's Objections.

I.  APPLICABLE LAW

For dispositive matters, a party may serve and file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

For non-dispositive matters, a party may serve and file objections to a Magistrate Judge's order within 14 days after being served a copy. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*

## II. ANALYSIS

The Claim Construction Order provides constructions for two terms that are critical to resolving Defendants' Summary Judgment Motion: (1) that "first computer" and "computer" mean "first single computer" and "single computer" respectively; and (2) that "location" means "location that is not merely a position in a grid pattern." (Dkt. No. 261 at 18, 23.) The Claim Construction Order (Dkt. No. 261) was entered on January 7, 2019, yet Plaintiff filed no objections to the Claim Construction Order. Now, Plaintiff raises challenges against the Magistrate Judge's Claim Construction Order, but this is improper. Because "[a] party may not assign as error a defect in the order not timely objected to," Fed. R. Civ. P. 72(a), the Court concludes that Plaintiff has waived its untimely arguments (Dkt. No. 389 at 5–8) against the Claim Construction Order.

Plaintiff argues that "the Report and Recommendation does not address Plaintiff's evidence of how Defendants' systems and methods determine location." (Dkt. No. 389 at 2.) Plaintiff states that its "allegations of how Nokia's systems use location are set out in

pages 16-18 of the Summary Judgment Response, and are not addressed in the Court's Report. (*Id.*) The allegations that Plaintiff refers to are related to the accused products' use of key performance indicators (KPIs) to indicate the performance of the network. (*Id.* at 3.) However, the Report and Recommendation did in fact address these issues, and the Court finds Plaintiff's objections unpersuasive as Plaintiff fails to show how the accused products provide "location that is not merely a position in a grid pattern."

The Report and Recommendation discussed the use of KPIs in the accused products and acknowledged testimony from Defendants' expert that these KPIs provided information for "50-meter-by-50-meter bins at the lowest level of granularity." (Dkt. No. 386 at 8 (citing Dkt. No. 298-7 at 135:3–17).) Plaintiff has not provided any evidence to rebut this testimony and instead points to a statement that "[t]he KPIs are a smaller subset of all the cell-level KPIs we collect." (Dkt. No. 389 at 3.) This statement does not rebut the evidence that the KPIs provide information for "50-meter-by-50-meter bins at the lowest level of granularity." The Report and Recommendation acknowledged the admission by Plaintiff's expert that a 50-meter-by-50-meter bin would be a grid. (Dkt. No. 386 at 9 (citing Dkt. No. 337-2 at 63:2–10 ("[Y]ou have a 50-by-50-meter square area within a particular cell and *that would be a particular grid.*")).) Thus, Plaintiff has not shown that KPIs provide "location that is not merely a position in a grid pattern," and Plaintiff has provided no other evidence to suggest that the accused products utilize location as construed by the Court.

Plaintiff also attempts to analogize the limitation of location that is not merely a position on a grid to a fire department needing to know where to go to put out a fire. (Dkt.

No. 389.) However, this analogy fails. The analogy attempts to evade the Court's previous construction of the location limitation and to show the use of location generally. The analogy does not address whether the location "is not merely a position in a grid pattern," and Plaintiff does not address that limitation in its Objections whatsoever.

Additionally, the Report and Recommendation concluded that Plaintiff has not provided any evidence to show that the geolocation system's KPIs are tied to the performance information of specific phones rather than a geographic area. (Dkt. No. 386 at 9.) Plaintiff does not discuss this in its Objections, and its analogy to "needing to know where to go to put out a fire" does not address this issue either. As acknowledged in the Report and Recommendation, "Defendants provided evidence that the KPIs are averaged over a period of time and that they do not provide any location information about a particular handset," (Dkt. No. 298-8 at ¶ 139) and Plaintiff provided no evidence to rebut this. Because the location term is present in all of the asserted claims, summary judgment is appropriate for all asserted claims.

The Report and Recommendation also determined that summary judgment was appropriate for all claims other than Claim 6 of the '024 Patent because the accused products do not possess a single first computer or a single computer that satisfies the other limitations of the asserted claims. (Dkt. No. 386 at 11–12.) The Court addressed Plaintiffs' argument that a GUI module constituted a single computer and rejected the argument. (*Id.*) Plaintiff now objects on the grounds that the GUI module meets all of the limitations of Claim 6 of the '024 Patent. (Dkt. No. 389 at 4–5.) However, that claim does not include a limitation for "computer" or "first computer," and Plaintiff has

otherwise failed to address whether the other asserted claims include a "computer" or "first computer" as construed by the Court. Accordingly, summary judgment is appropriate for all asserted claims other than Claim 6 of the '024 Patent on this additional ground.

Plaintiff argues that the Report and Recommendation erred in concluding that prosecution history estoppel applies and therefore concludes that the doctrine of equivalents is available to Plaintiff. However, the Court concludes that Plaintiff waived this argument by not objecting to the Claim Construction Order. That Order clearly reached its constructions for the "first computer" and "computer" terms based on prosecution history estoppel (Dkt. No. 261 at 16–18), and Plaintiff did not file any objection to the Claim Construction Order. For non-dispositive issues such as claim construction, "a party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Even if Plaintiff did not waive these arguments, the Report and Recommendation discussed why prosecution history estoppel applied (Dkt. No. 386 at 13–14), making the doctrine of equivalents unavailable. The Court agrees with this reasoning.[1]

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendations. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment of Non-Infringement is **GRANTED**.

**So Ordered this**
**Jul 9, 2019**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] "'Unmistakable assertions made by the applicant to the . . . PTO . . . in support of patentability, whether or not required to secure allowance of the claim, . . . may operate to preclude the patentee from asserting equivalency.'" *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1252 (Fed. Cir. 2000) (quoting *Texas Instruments Inc. v. United States Int'l Trade Comm'n*, 988 F.2d 1165, 1174 (Fed.Cir.1993)).