# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:17-CV-00044-RWS-RSP |
| v. | § § | |
| NOKIA SOLUTIONS AND NETWORKS OY, NOKIA FINLAND; AND NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA NETWORKS; | § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Traxcell Technologies, LLC's Objections (Docket No. 389) to the Magistrate Judge's Report and Recommendation (Docket No. 386. The Magistrate Judge's Report recommended that summary judgment of noninfringement be granted on Traxcell's claims of infringement against Defendants Nokia Solutions and Networks US LLC and Nokia Solutions and Networks OY (collectively "Nokia"). Upon review, the Court agrees with the Magistrate Judge and **OVERRULES** Plaintiff's objections.

## I. APPLICABLE LAW

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The substantive law identifies the material facts. *Id.* at 248.

Determining whether a product or method literally infringes a patent is a two-step process. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012). First, the Court must determine the proper construction of the asserted claims, which is a matter of law. *Id.* As a second step, the finder of fact must determine whether the asserted claim, as properly construed, "reads" on the product or method. *Id.* In other words, "a patentee must supply sufficient evidence to prove that the accused product or process contains . . . every limitation of the properly construed claim." *Seal-Flex, Inc. v. Athletic Track and Court Const.*, 172 F.3d 836, 842 (Fed. Cir. 1999). Summary judgment is therefore appropriate if the defendant demonstrates that there is no genuine dispute that the accused products do not contain every limitation of a properly construed claim.

A party may serve and file objections to a Magistrate Judge's claim construction order, a non-dispositive matter, within 14 days after being served a copy. FED. R. CIV. P. 72(a). However, a party may not assign as error a defect in an order not timely objected to, and a party is not entitled to *de novo* review by the District Judge of those unobjected to findings, conclusions and recommendations. *Id.*; *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1995) (en banc).

For dispositive matters, including a motion for summary judgment, a party may serve and file specific written objections to a Magistrate Judge's proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). "The District judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

## II. ANALYSIS

### a. Objections to Claim Construction

Plaintiff raises several objections relating to the construction of "first computer" and "computer." Docket No. 389 at 5–8. These objections are waived. The Claim Construction Order was entered on January 7, 2019, and Plaintiff did not object within 14 days. Traxell's objections to this report, filed several months later on May 29, 2019, are therefore untimely. Docket No. 389. The Magistrate Judge similarly denied Traxcell's later Motion for Leave to File Objections to the Claim Construction Order as untimely. Docket No. 405. Traxcell's objections directed to issues of claim construction are therefore **OVERRULED.** Traxcell's remaining objections are addressed below.

### b. Objections to the report's findings on the "location" limitation

Traxcell objects to the report's conclusion that the accused products do not satisfy the "location" limitation in each of the claims. Docket No. 389 at 2. The Magistrate Judge's Claim Construction Order construed the term "location" to mean "location that is not merely a position in a grid pattern." Docket No. 261 at 22. Traxcell specifically argues that the report does not address Plaintiff's evidence of how the accused products determine location, erroneously concludes that the accused products provide location information for cell phones using cells and bins, and therefore incorrectly concludes that the "location" limitation was not satisfied.

Traxcell's alleged evidence of how the accused products determine location relates to the accused products use of key performance indicators ("KPIs") to indicate the performance of the network. Docket No. 319 at 16–18. Contrary to Plaintiff's assertion, the report discussed KPIs and found that KPIs are typically contained in 50-meter-by-50-meter bins, which the Plaintiff's expert believed to be "grids." Docket No. 386 at 9 ("[Y]ou have a 50-by-50-meter square area

within a particular cell and *that would be a particular grid*."). The report then concluded that Plaintiff's arguments regarding the accused products use of KPIs did not create a genuine issue of material fact because the cells and bins are "merely a position in a grid pattern" and thus do not satisfy the location limitation.

Traxcell does not demonstrate how the evidence set out in its summary judgment response conflicts with this conclusion. In its objections, Traxcell cites to a statement by Nokia's corporate representative Murali Ranganathan that "[t]he KPIs are a smaller subset of all the cell-level KPIs" collected. Docket No. 389 at 3. Traxcell also cites to its expert, Dr. Helgert, who analogized the accused products' collection of location information to a fire department needing to know where to go put out a fire. Docket No. 389 at 3 ("[I]f you call the fire department and you say, 'Help my house is on fire,' that doesn't do a lot of good. You have to tell the fire department where your house is. So everything in the way of KPI has to be reference to a location . . . . in other words, an indication of location related to the KPI."). The analogy is used to demonstrate that KPIs contain relational location data, similar to a person's use of relative geographic descriptors to report the location of a fire. This evidence does not rebut the evidence that the KPIs provide information for 50-meter-by-50-meter bins at the lowest level of granularity, which Plaintiff's expert admitted would be a grid.

Moreover, Traxcell did not object to the report's additional basis for summary judgment. The report found that Traxcell provided no evidence to show that the geolocation system's KPIs are tied to the performance information of specific phones rather than a larger geographic area, as required by the claims. Docket No. 386 at 9–10. Traxcell did not address this basis for summary judgment in its objections. Because the location limitation is present in all the asserted claims, summary judgment is appropriate for all asserted claims on this basis alone.

c. *Objection to the report's findings on the "first computer" and "computer" limitations*

The report further determined that summary judgment was appropriate for all claims, other than Claim 6 of the '024 Patent, because the accused products do not possess a single first computer or a single computer. Docket No. 386 at 11–12. The Magistrate Judge considered and rejected Plaintiff's argument that a Graphical User Interface ("GUI") module constituted a single computer. *Id.* Traxcell's objection argues that the GUI module performs all of the claimed functions, with specific reference to Claim 6 of the '024 Patent. As recognized in the report, Claim 6 does not include a limitation for "computer" or "first computer" and Plaintiff's objection fails to demonstrate how the GUI module specifically practices this limitation. Summary judgment is appropriate for all asserted claims other than Claim 6 of the '024 Patent on this additional ground.

III. **CONCLUSION**

Having considered the Magistrate Judge's report and Traxcell's objections, it is hereby

**ORDERED** that Plaintiff's objections (Docket No. 389) are **OVERRULED** and the Magistrate Judge's Report and Recommendation (Docket No. 386) is **ADOPTED** as the opinion of this Court. It is further

**ORDERED** that Defendant's Motion for Summary Judgment of Non-Infringement (Docket No. 298) is **GRANTED.**

It is so **ORDERED.**

**SIGNED this 11th day of December, 2019.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE