IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, § § | | |
| *Plaintiff*, § § | Case No. 2:17-cv-00042-RWS-RSP (LEAD CASE) | |
| v. § § | | |
| HUAWEI TECHNOLOGIES USA INC., § § | | |
| NOKIA SOLUTIONS AND § NETWORKS OY ET AL, § § | Case No. 2:17-cv-00044-RWS-RSP (MEMBER CASE) | |
| *Defendants*. § | | |

## MEMORANDUM ORDER

Before the Court is the Motion for Attorneys' Fees filed by Defendants Nokia of America Corp. and Nokia Solutions and Networks Oy. Dkt. No. 418[1]. Having considered the briefing, Nokia's motion is **GRANTED IN PART**.

**I.   BACKGROUND**

On January 12, 2017, Plaintiff Traxcell Technologies, LLC filed its complaint, which alleged infringement of three U.S. Patents: No. 8,977,284 (the "'284 Patent"), No. 9,510,320 (the "'320 Patent"), and No. 9,642,024 (the "'024 Patent") (collectively, the "Asserted Patents"). Dkt. No. 1. In general, the Asserted Patents are directed to technology for locating a wireless communications device and then using that location for other applications, such as for improving communications with the wireless device. After many attempts, Traxcell served infringement contentions that conformed with the Patent Local Rules on February 2, 2018, and asserted, through its contentions,

---

[1] This is the corrected version of Nokia's Motion for Attorneys' Fees. Therefore, the Court denies as moot Nokia's originally filed Motion for Attorneys' Fees (Dkt. No. 415).

1

that Nokia's Eden-NET Self-Optimizing Network ("SON") infringed a total of eight claims of the Asserted Patents. Dkt. No. 418 at 3-4.

On January 7, 2019, the Court issued a Claim Construction Order (the "Nokia Order"). Dkt. No. 261. Relevant to this motion, the Court construed the terms "computer" and "location" and also determined that Claim 1 of the '284 Patent was indefinite. *Id*. The Court construed "computer" to mean "single computer" and "first computer" to mean "first single computer." Dkt. No. 261 at 18. These constructions were based on the patentee's statements in the prosecution history of the '284 Patent. *Id*. at 15, 17.

For the term "location," the Court construed the term to mean "location that is not merely a position in a grid pattern." Dkt. No. 261 at 23. The Court reached this construction also based on statements made by the patentee in the prosecution history of the asserted patent. *Id*. at 22. Based on those statements, the Court concluded that the patent applicant distinguished the claimed invention from the prior art references and represented that the "location" of the claimed invention is therefore not merely a position in a grid pattern. *Id*. The location term is in every asserted claim, and the computer terms are in 7 of the 8 asserted claims.

On February 6, 2019, Nokia's counsel sent Traxcell's counsel a Rule 11 letter to provide notice to Traxcell that "the factual contentions in the Complaint . . . lack evidentiary support." Dkt. No. 418 at 6 (quoting Dkt. No. 418-3). Specifically, Nokia's counsel explained why the construction of the terms location and computer "barred Traxcell from proving infringement" and demanded that Traxcell withdraw its claims against Nokia. *Id.*

On April 15, 2019, the Court issued a Claim Construction Order (the "AT&T Order") in a co-pending case in which Traxcell asserted the same patents against different defendants and sought another construction of "location" and "computer." *Traxcell Technologies, LLC v. AT&T,*

*Inc. et al*, Case No. 2:17-cv-00718-RWS-RSP, Dkt. No. 171 (E.D. Tex. Apr. 15, 2019) [hereinafter *AT&T*]; Dkt. No. 437-5. However, the Court's constructions of the disputed terms in the AT&T Order were the same as the constructions in the Nokia Order.

On May 15, 2019, this Court issued a Report and Recommendation that recommended summary judgment of non-infringement should be granted in favor of Nokia. Dkt. No. 386. On July 16, 2019, Traxcell filed a Motion for Leave to File Objections to Claim Construction (Dkt. No. 395), which the Court denied on August 13, 2019 after noting that Traxcell's objections were untimely by nearly 6 months. Dkt. No. 405.

Finally, on December 11, 2019, the District Judge adopted the Report and Recommendation (Dkt. No. 411), and Final Judgment issued on January 10, 2020. Dkt. No. 412.

## II.  APPLICABLE LAW

Pursuant to the Patent Act, in "exceptional cases," a district court "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional case" is "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014); *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 134 S. Ct. 1744, 1748, 188 L. Ed. 2d 829 (2014) (noting that "the word 'exceptional' in § 285 should be interpreted in accordance with its ordinary meaning" (citing *Octane Fitness*, 134 S. Ct. at 1755)).

District courts must determine whether any particular case is "exceptional" in a "case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756. Whether a case is exceptional or not "is a factual determination," *Forcillo v. Lemond Fitness, Inc.*, 168 F. App'x 429, 430 (Fed. Cir. 2006), and the court must make its

3

determination by a "preponderance of the evidence," *Octane Fitness*, 134 S. Ct. at 1758 (rejecting the prior requirement that a patent litigant establish its entitlement to fees under § 285 by "clear and convincing" evidence).

In assessing the "totality of the circumstances," courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 134 S. Ct. at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.9, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (addressing a similar fee-shifting provision in the Copyright Act). A party's conduct need not be independently sanctionable to warrant an award of fees under § 285; however, fee awards should not be used "as a penalty for failure to win a patent infringement suit." *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1753, 1756-57 (Fed. Cir. 2017); *see also Checkpoint Sys.*, 858 F.3d at 1376.

## III.  ANALYSIS

In its motion, Nokia seeks its attorneys' fees from January 8, 2019, the day after the Nokia Order issued, to the end of December 31, 2019. Nokia argues that January 8 is the date upon which this case became "exceptional" because, according to Nokia, that is the date on which it became objectively unreasonable for Traxcell to continue asserting that Nokia's SON products infringed the Asserted Patents. Dkt. No. 418 at 9-12. Nokia argues that continued litigation became objectively unreasonable because Traxcell's infringement positions clearly contradicted the Court's construction of "location" and "computer."

Beginning with the "computer" term, Nokia argues, and the Court agrees, that the Nokia Order made it clear that the term computer refers to a *single computer*, not a network of computers. *Id.* at 10. In its motion, Nokia cites instances of Traxcell continuing to assert that multiple

computers infringed the Asserted Patents, even at summary judgment. *Id.* at 10 (citing *e.g.* Dkt. No. 319 at 20 ("there is insubstantial difference between execution of software code by a single computer or by multiple computers."). Furthermore, Nokia argues that Traxcell's infringement contentions "relied on subject matter disclaimed during the patent prosecution process. Therefore, Traxcell's infringement claims were objectively baseless." Dkt. No. 418 at 10 (citing *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir. 2012)).

For "location," Nokia again points to instances when Traxcell continued to assert positions contrary to the Court's construction. For example, Traxcell's infringement expert offered opinions that essentially relied upon a grid pattern, even though the construction of location states that location "is not merely a position in a grid pattern." Dkt. No. 418 at 12. Finally[2], Nokia argues that this case is exceptional because Traxcell continued to assert Claim 1 of the '284 Patent even after the Court found it to be indefinite. *Id.*

In response, Traxcell offers a series of arguments and case citations. First, Traxcell argues that Nokia has unclean hands because it agreed to conduct a claim construction hearing in this case separate from the claim construction hearing in *AT&T*. Dkt. No. 437 at 4. Next, Traxcell tries to show that its expert's infringement positions concerning computer and location did not contradict the Court's constructions. *Id.* at 6, 9-10. Traxcell further argues, as to the computer term, that the first time it learned it did not have a viable infringement argument under the Doctrine of Equivalents was the Report and Recommendation issued on May 15. *Id.* at 3. Next, Traxcell argues that it received a certificate of correction for Claim 1 of the '284 Patent that made the claim no

---

[2] Nokia additionally argues that this case is exceptional because Traxcell's damages claims were objectively unreasonable. Dkt. No. 418 at 12-13. However, the Court finds these arguments unpersuasive and therefore does not include them in the totality of circumstances when determining exceptionality.

5

longer indefinite and that it asserted the corrected Claim 1 in the Joint Pretrial Order. *Id.* at 9[3]. Finally, Traxcell argues that it was not unreasonable to continue prosecute the case because the AT&T Order could have issued different constructions for location and computer than the earlier Nokia Order. *Id.* at 4.

The Court finds this case to be exceptional under § 285 after the Court denied Plaintiff's motion for leave to file the out-of-time objections to the claim construction of August 13, 2019. Although Nokia argues this case became exceptional on January 8, the Court accepts Traxcell's argument that it sought reconsideration of the Nokia Order as to computer and location through the claim construction briefing in *AT&T*. Although procedurally imperfect, Traxcell could have moved for reconsideration of the Nokia Order if the AT&T Order issued different constructions for location and computer and if the Court found Claim 1 of the '284 Patent was not indefinite. Furthermore, the Court finds Traxcell acted in accordance with its argument because Traxcell's arguments in its Opening Claim Construction brief in *AT&T* addressed the Nokia Order. *Cf.* Dkt. No. 437-5 at 14-18 *with* Dkt. No. 261 at 14-18; *see also AT&T*, Dkt. No. 155 at 8, 8 at n. 28[4]. Thus, under the totality of circumstances, the Court finds that this cuts against a finding of exceptionality before issuance of the AT&T Order.

Traxcell argues that the AT&T Order led it to believe that it still had a viable Doctrine of Equivalents argument as to computer and location even if the terms were not literally infringed. This is because the AT&T Order stated:

---

[3] Traxcell does not address how the correction cured the indefiniteness (especially as to the lack of structure for the means-plus-function term) and yet did not change the scope of the claim, and thus could continue to be asserted for infringement allegedly occurring before the correction issued. In any event, the indefiniteness of Claim 1 is only a small part of the basis for finding this case exceptional.

[4] Pursuant to Fed. R. Evid. 201(c), the Court takes judicial notice of two facts: (1) Traxcell specifically cites the Nokia Order in Footnote 28 of its Opening Claim Construction Brief in *AT&T* and (2) Traxcell's argument concerning computer changed from its Opening Claim Construction Brief in this case to its Opening Claim Construction Brief in *AT&T*.

> "To be clear, the Court understands from the prosecution arguments that the patent applicant used 'computer' in a singular sense. This is different than a disclaimer. The prosecution arguments simply provide context for the applicant's intended meaning of 'computer' as a singular computer rather than a system of computers."

*AT&T*, Dkt. No. 171 at 18. Although perhaps inartful, this passage was not saying that the prosecution history at issue was not a disclaimer. It was clearly a disclaimer. It simply wasn't merely a disclaimer. The applicant was explaining the original scope of his invention. The fact that it wasn't merely a disclaimer was relevant to the discussion of the effect of the revocation of prior disclaimers discussed in the next paragraph of the Order. Any uncertainty Traxcell may have had about the availability of the Doctrine of Equivalents was resolved on May 15, 2019 when the Court issued the Report and Recommendation stating that "prosecution history estoppel bars the application of the doctrine of equivalents here, and Plaintiff is precluded from asserting that the 'first computer' and 'computer' limitations may be satisfied by multiple computers." Dkt. No. 386 at 14.

Upon issuance of the Report and Recommendation on infringement it became objectively unreasonable for Traxcell to assert its infringement theories under the claim construction.[5] It was objectively unreasonable because Traxcell's theories and evidence, especially its expert's testimony, contradicted the Court's repeated constructions. Only by objecting to the claim construction could Traxcell resuscitate its case. That window closed on August 13 when the Court denied Traxcell leave to file out-of-time (by six months) objections to the claim constructions.

Furthermore, Traxcell's Doctrine of Equivalents arguments are without support: it is settled law that any claim scope disclaimed during prosecution cannot be reclaimed during litigation relying on the Doctrine of Equivalents. *Ballard Medical Products v. Allegiance Healthcare Corp.*,

---

[5] Clearly, Traxcell had the right to pursue its timely objections to the Report and Recommendation. But it could no longer rely on its belief that the AT&T Order left open a Doctrine of Equivalents argument.

268 F.3d 1352, 1359 (Fed. Cir. 2001). The Court cites *Ballard Medical* because Traxcell cited this case at summary judgment, Dkt. No. 319 at 11; therefore, Traxcell should have known its Doctrine of Equivalents arguments were unsupported in light of the Court's construction. An unsupported Doctrine of Equivalents argument can be used as evidence of exceptionality under § 285. *Iris Connex, LLC v. Dell, Inc.*, 235 F.Supp.3d 826, 848 (E.D. Tex. 2017).

Finally, Traxcell's arguments that Nokia has unclean hands are unpersuasive. Traxcell and Nokia jointly sought a separate claim construction hearing. Dkt. No. 237 at 1-2. Agreeing to conduct a claim construction hearing on a different date than a case that was filed ten months after the present case, *see cf.* Dkt. No. 1 *with AT&T*, Dkt. No. 1, is not inappropriate conduct, let alone conduct that would result in unclean hands.

Furthermore, the case Traxcell cites to support its argument is easily distinguishable. In *Intellectual Ventures II LLC v. FedEx Corp.*, this Court found that the defendant misrepresented facts to the Court, improperly denied the plaintiff access to physical facilities, engaged in deposition gamesmanship, and used the threat of Rule 11 sanctions to extract additional information. 2019 U.S. Dist. LEXIS 169673, *12-20 (E.D. Tex. Mar. 28, 2019). Although Nokia sent a notice under Rule 11, Dkt. No. 418-3, Traxcell does not cite to this letter as evidence of Nokia's unclean hands and Traxcell does not argue that Nokia engaged in any of the other improper actions addressed in *Intellectual Ventures II*.

Because the case became exceptional upon the August 13, 2019 denial of the motion for leave, the Court awards Nokia its reasonable attorneys' fees from August 13 to December 31, 2019. In this case, Nokia is represented by the firms Quinn Emanuel Urquhart & Sullivan LLP ("Quinn") and Potter Minton ("Potter"). Along with its motion, Nokia included the invoices for August 2019 from Quinn, Dkt. No. 418-25, and from Potter, Dkt. No. 418-15. Based on the time

8

recorded and the hourly rates listed in the respective invoices, the Court determines that Quinn charged $29,098.00 from August 13 inclusive to August 31, 2019, and Potter charged $240.00 for the same period. Thus, together, Nokia's attorneys' fees from August 13 to August 31 are $29,338.00. Adding this to the monthly totals listed in Dkt. No. 418-7, Nokia's attorneys' fees from August 13 inclusive to December 31, 2019, total $44,866.27.

At no point does Traxcell argue that the specific hourly rates or times billed by Nokia's counsel were unreasonable. In fact, when arguing for a different fee award, Traxcell uses the invoices from Quinn and Potter to arrive at its alternative total. Dkt. No. 437 at 14. Because Traxcell does not question the reasonableness of the hourly rates or times billed by Nokia's counsel, the Court also does not question the reasonableness of the hourly rates or times billed.

## IV. CONCLUSION

It is therefore **ORDERED** that Traxcell pay Nokia's attorneys' fees from August 13 to December 31, 2019, which amount to a total of $44,866.27, within 30 days of this Order.

**SIGNED this 29th day of March, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE