# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI TECHNOLOGIES USA, INC., ET AL,<br><br>Defendants. | CIVIL ACTION NO. 2:17-CV-42-RWS-RSP<br>(LEAD CASE) |
| TRAXCELL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NOKIA SOLUTIONS AND NETWORKS US LLC, ET AL,<br><br>Defendants. | CIVIL ACTION NO. 2:17-CV-44-RWS-RSP<br>(MEMBER CASE) |

## ORDER

Defendants Nokia of America Corp. (formerly known as Nokia Solutions and Networks US LLC) and Nokia Solutions and Networks Oy (collectively, "Nokia") previously filed a Motion for Attorneys' Fees. Docket No. 418. Magistrate Judge Payne entered a memorandum order granting-in-part Nokia's motion and ordering Traxcell to pay Nokia's attorneys' fees from August 13, 2019 to December 31, 2019—totaling $44,866.27. Docket No. 448. Traxcell and Nokia separately filed objections, and each party responded to the other's objections. Docket Nos. 449–52. As further explained below, the Court **OVERRULES** the parties' objections and **ADOPTS** the report and recommendation of the Magistrate Judge.

In March of this year, Magistrate Judge Payne issued a memorandum order granting-in-part Nokia's motion for attorney's fees (Docket No. 418). Docket No. 448. Judge Payne's order succinctly summarizes the events that gave rise to the award of attorney's fees:

1. **January 7, 2019**: Judge Payne issued a claim construction order in this case construing the terms "computer" and "location," based on the patentee's statements during prosecution, and holding claim 1 of the '284 Patent was indefinite. Docket No. 261.
2. **February 6, 2019**: Nokia's counsel sent Traxcell's counsel a Rule 11 letter notifying Traxcell that the Court's constructions of "computer" and "location" foreclosed on Traxcell's infringement theories. *See* Docket No. 418-3.
3. **April 15, 2019**: Judge Payne issued a claim construction order in a separate case involving the same patents and adopting the same constructions as the claim construction order in this case (Docket No. 261). *See Traxcell Techs., LLC v. AT&T, Inc.*, Case No. 2:17-CV-00718, Docket No. 171.
4. **May 15, 2019**: Judge Payne issued a report and recommendation (Docket No. 386) that recommended granting Nokia's motion for summary judgment of non-infringement (Docket No. 298).
5. **July 16, 2019**: Traxcell filed a motion for leave to file objections to the claim construction order. Docket No. 395.
6. **August 13, 2019**: Judge Payne denied the motion for leave to file objections to the claim construction order as being nearly six months past the objection deadline. Docket No. 405.
7. **December 11, 2019**: The Court adopted the Judge Payne's report and recommendation (Docket No. 411), granting Nokia's motion for summary judgment of non-infringement (Docket No. 298). Docket No. 411.

Docket No. 448 at 2–3.

The memorandum order rejects Nokia's argument that the case became exceptional on January 8, 2019 and instead determined that Traxcell's conduct became exceptional after August 13, 2019—the date that Judge Payne denied Traxcell's motion for leave to file out-of-time objections to the claim construction order—and ordered Traxcell to pay Nokia's attorney's fees from August 13, 2019 to December 31, 2019 (totaling $44,866.27). *See* Docket No. 448 at 6–9. Judge Payne found that the case became exceptional when he denied Traxcell's motion for leave to file objections to the January 7, 2019 claim construction order, explaining that "[a]lthough

procedurally imperfect, Traxcell could have moved for reconsideration of the Nokia Order if the AT&T Order issued different constructions for [the] location and computer [terms] and if the Court found Claim 1 of the '284 Patent was not indefinite. Furthermore, the Court finds Traxcell acted in accordance with its argument because Traxcell's arguments in its Opening Claim Construction brief in AT&T addressed the Nokia Order." *Id.* "Thus, under the totality of circumstances, the Court finds that this cuts against a finding of exceptionality before issuance of the AT&T Order." *Id.*

Both parties filed objections to the memorandum order. Docket Nos. 449, 450. Nokia also moved for a hearing on the parties' objections, which the Court granted. Docket Nos. 453, 456. Traxcell's objections largely reiterate the issues previously raised by Traxcell and rejected by the Magistrate Judge.  Nevertheless, Traxcell maintains that this case is not exceptional and no award of fees is warranted because Traxcell's objections were timely and the Court order "awarding fees rests solely on rulings that were not final." Docket No. 449 at 3. At the hearing, Traxcell took the position that there was no reason to disturb Judge Payne's conclusions if the Court found this case to be exceptional.[1] Likewise, Nokia's objections raise substantially the same arguments that have already been addressed and rejected by the Court. At the hearing, Nokia focused its efforts on arguing that Traxcell's conduct became unreasonable when the Court issued its claim construction order on January 7, 2019 and that it is entitled to $809,919.00 in attorney's fees; alternatively, Nokia argued that the case became exceptional when the Court issued its claim construction in the AT&T case on April 15, 2019 and that it is entitled to $299,455.60.

---

[1] At the hearing, Traxcell also informed the Court that it is presently in receivership. Per state court order, Traxcell no longer has possession of its patents. *Verizon Wireless Pers. Commc'ns LP v. Traxcell Techs., LLC*, No. 2023-368-4 (170th Dist. Ct., McLennan County, Tex. Mar. 7, 2023). Neither party argued that this impacts the Court's ruling in the present proceeding.

The parties' objections turn on the Magistrate Judge's finding that the case became exceptional on August 13, 2019. "[A]n exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Here, after conducting a *de novo* review of the parties' briefing, the Magistrate Judge's memorandum order, and the parties' objections, the Court agrees that this case became exceptional under 35 U.S.C. § 285 on August 13, 2019—the date that the Court denied Traxcell's motion for leave to file out-of-time objections to the claim construction order. As noted by Judge Payne, Traxcell cited the Court's holding in this case in its opening claim construction brief in the AT&T case—apparently in an attempt to sway the Court into construing the claims differently. While ultimately unpersuasive, Traxcell filed a motion for leave to file objections to the January 7, 2019 claim construction order after the 14 day time period for objections under Federal Rule of Civil Procedure 72(a) had run. Docket No. 395. In that motion, Traxcell argued that its timely-filed objections to Judge Payne's report and recommendation on Nokia's motion for summary judgment preserved its claim construction related objections. *Id.*

Upon review of the record, the Court agrees—Traxcell's objections to the Court's claim construction orders was procedurally imperfect. However, given the unique circumstances of this case—where claim construction on the disputed claim terms was pending before this Court in a separate case, where the Traxcell argued that the Court should depart from its earlier claim construction ruling, and where Traxcell relied on arguments challenging claim construction in its objections to Judge Payne's report and recommendation on summary judgment—the Court finds

that this case did not become exceptional until August 13, 2019. By that date, Traxcell's decision to maintain the litigation became unreasonable because it no longer had any viable argument relating to claim construction pending before the Court. Further, at the time that Judge Payne denied Traxcell's motion for leave to file out-of-time objections to the claim construction order, he foreclosed the feasibility of any doctrine of equivalents argument before the Court in Traxcell's pending objections to the report and recommendation on summary judgment.[2] In other words, all of Traxcell's infringement arguments became futile when Judge Payne denied its motion to file out-of-time objections to the claim construction order in this case. Thus, the Court agrees with the Magistrate Judge that, when the totality of the circumstances is considered, this case became exceptional after he denied Traxcell's motion for leave to file out-of-time objections. Accordingly, it is

**ORDERED** that Traxcell's objections (Docket No. 449) and Nokia's objections (Docket No. 450) are **OVERRULED**, and Magistrate Judge Payne's memorandum order (Docket No. 448) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant Nokia's Motion for Attorneys' Fees (Docket No. 418) is **GRANTED-IN-PART** as previously ordered.

---

[2] Any uncertainty that Traxcell may have had regarding the availability of the doctrine of equivalents was resolved by Judge Payne on May 15, 2019, in his report recommending that summary judgment be granted. Docket No. 298. The Court adopted Judge Payne's report recommending granting summary judgment on December 11, 2019. Docket No. 411. Thus, even if the case may have otherwise become exceptional when the Court overruled Traxcell's objections to the report and recommendation on summary judgment (Docket No. 389) on December 11, 2019, the Court need not consider this possibility because the Court finds that Judge Payne's order denying leave to file out-of-time objections to claim construction put to rest all of Traxcell's infringement arguments on August 13, 2019.

**So ORDERED and SIGNED this 24th day of March, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE